IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JUAN CARLOS LEON-HERRERA,<br><br>　Plaintiff,<br><br>v.<br><br>BAR-S FOODS CO. D/B/A SIGMA FOODS AND JORGE ZUNIGA ISAIS D/B/A RVJ TRANSPORT,<br><br>　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Case No. 2:24-cv-00153-MIS-GJF |

### **DEFENDANT BAR-S FOODS CO.'S ANSWER TO COMPLAINT**

Comes now, Defendant Bar-S Foods Co. ("Bar-S") misidentified in the Complaint as Bar-S Foods Co. d/b/a Sigma Foods, by and through its attorneys, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Spencer L. Edelman and Taryn F. Hanrahan), and answers Plaintiff's Original Complaint [Doc. 1] ("Complaint") as follows:

### **I. Parties**

1.1　Bar-S is without sufficient information to admit or deny the allegations in paragraph 1.1 and therefore denies the same.

1.2　Bar-S denies the allegations contained in paragraph 1.2, to the extent the Complaint asserts that Bar-S does business as Sigma Foods. Bar-S admits that it is a Delaware Corporation with its principal place of business in Arizona.

1.3　Bar-S is without sufficient information to admit or deny the allegations in paragraph 1.3 and therefore denies the same.

### **II. Subject Matter, Personal Jurisdiction, and Venue**

2.1　Bar-S is without sufficient information to admit or deny the allegations in paragraph 2.1 and therefore denies the same.

2.2  Bar-S is without sufficient information to admit or deny the allegations in paragraph 2.2 and therefore denies the same.

### III. Factual Background

3.1  Bar-S is without sufficient information to admit or deny the allegations in paragraph 3.1 and therefore denies the same.

3.2  Bar-S is without sufficient information to admit or deny the allegations in paragraph 3.2 and therefore denies the same.

3.3  Bar-S denies the allegations in paragraph 3.3. Bar-S affirmatively states that it has no record of contracting with Zuniga to perform any services for it and has no record of any shipments that were involved in any accident at the location of or at the time described in the Complaint. Bar-S further states that it does not ship produce, as alleged in the Complaint.

3.4  Bar-S is without sufficient information to admit or deny the allegations in paragraph 3.4 and therefore denies the same. Bar-S affirmatively states that it has no record of contracting with Zuniga to perform any services for it and has no record of any shipments that were involved in any accident at the location of or at the time described in the Complaint.

3.5  Bar-S is without sufficient information to admit or deny the allegations in paragraph 3.5 and therefore denies the same.

3.6  Bar-S is without sufficient information to admit or deny the allegations in paragraph 3.6 and therefore denies the same.

3.7  Bar-S is without sufficient information to admit or deny the allegations in paragraph 3.7 and therefore denies the same.

3.8   Bar-S is without sufficient information to admit or deny the allegations in paragraph 3.8 and therefore denies the same.

3.9   Bar-S denies the allegations in paragraph 3.9.

3.10   Bar-S denies the allegations in paragraph 3.10.

3.11   Bar-S denies the allegations in paragraph 3.11.

3.12   Bar-S is without sufficient information to admit or deny the allegations in paragraph 3.12 and therefore denies the same.

## IV. Causes of Action

### Count I

Negligence, Negligence Per Se, and Gross Negligence Against Zuniga

4.1   The allegations contained in paragraph 4.1 pertain to defendants other than Bar-S, and therefore no response is required. To the extent a response is required, Bar-S denies the same. Additionally, paragraph 4.1 states legal conclusions to which no response is required.

4.2   The allegations contained in paragraph 4.2 pertain to defendants other than Bar-S, and therefore no response is required. To the extent a response is required, Bar-S denies the same. Additionally, paragraph 4.1 states legal conclusions to which no response is required.

4.3   The allegations contained in paragraph 4.3 pertain to defendants other than Bar-S, and therefore no response is required. To the extent a response is required, Bar-S denies the same. Additionally, paragraph 4.1 states legal conclusions to which no response is required.

4.4   The allegations contained in paragraph 4.4 pertain to defendants other than Bar-S, and therefore no response is required. To the extent a response is required, Bar-S denies the same. Additionally, paragraph 4.1 states legal conclusions to which no response is required.

4.5   The allegations contained in paragraph 4.5 pertain to defendants other than Bar-S, and therefore no response is required. To the extent a response is required, Bar-S denies the same. Additionally, paragraph 4.1 states legal conclusions to which no response is required.

## Count II

Joint Enterprise/Single Business Enterprise/Joint Venture

4.6   Bar-S incorporates its answers to the foregoing paragraphs of the Complaint as though fully set forth herein.

4.7   Bar-S denies the allegations in paragraph 4.7. Additionally, paragraph 4.7 states legal conclusions to which no response is required.

4.8   Bar-S denies the allegations in paragraph 4.8. Additionally, paragraph 4.8 states legal conclusions to which no response is required.

4.9   Bar-S is without sufficient information to admit or deny the allegations contained in paragraph 4.9 and therefore denies the same. Additionally, paragraph 4.9 states legal conclusions to which no response is required.

4.10   Bar-S is without sufficient information to admit or deny the allegations contained in paragraph 4.10 and therefore denies the same. Additionally, paragraph 4.10 states legal conclusions to which no response is required.

4.11   Bar-S denies the allegations in paragraph 4.11. Additionally, paragraph 4.11 states legal conclusions to which no response is required.

4.12   Bar-S denies the allegations in paragraph 4.12. Additionally, paragraph 4.12 states legal conclusions to which no response is required.

4.13   Bar-S denies the allegations in paragraph 4.13. Additionally, paragraph 4.13 states legal conclusions to which no response is required.

Count III

Negligence and Gross Negligence

4.14   Bar-S incorporates its answers to the foregoing paragraphs of the Complaint as though fully set forth herein.

4.15   Bar-S denies the allegations in paragraph 4.15 and therefore denies the same. Additionally, paragraph 4.15 states legal conclusions to which no response is required.

4.16   Bar-S denies the allegations in paragraph 4.16. Additionally, paragraph 4.16 states legal conclusions to which no response is required.

4.17   Bar-S is without sufficient information to admit or deny the allegations contained in paragraph 4.17 and therefore denies the same. Additionally, paragraph 4.17 states legal conclusions to which no response is required.

4.18   Bar-S denies the allegations in paragraph 4.18. Additionally, paragraph 4.18 states legal conclusions to which no response is required.

4.19   Bar-S denies the allegations in paragraph 4.19. Additionally, paragraph 4.19 states legal conclusions to which no response is required.

4.20   Bar-S is without sufficient information to admit or deny the allegations contained in paragraph 4.20 and therefore denies the same. Additionally, paragraph 4.20 states legal conclusions to which no response is required.

**V. Damages**

5.1   Bar-S is without sufficient information to admit or deny the allegations contained in paragraph 5.1 and therefore denies the same. Additionally, paragraph 5.1 states legal conclusions to which no response is required.

## VI. Punitive Damages

6.1	Bar-S incorporates its answers to the foregoing paragraphs of the Complaint as though fully set forth herein.

6.2	Bar-S denies the allegations in paragraph 6.2. Additionally, paragraph 6.2 states legal conclusions to which no response is required.

6.3	Bar-S denies the allegations in paragraph 6.3. Additionally, paragraph 6.3 states legal conclusions to which no response is required.

## VII. Interest

7.1	Bar-S is without sufficient information to admit or deny the allegations contained in paragraph 7.1 and therefore denies the same.

## VIII. Plaintiff's Designated Electronic Service Email Address

8.1	Paragraph 8.1 does not contain any allegations and therefore no response is required. To the extent a response is required, Bar-S denies the same.

## IX. Request for Temporary Restraining Order

9.1	The allegations contained in paragraph 9.1 pertain to defendants other than Bar-S, and therefore no response is required. To the extent a response is required, Bar-S denies the same. Additionally, paragraph 9.1 states legal conclusions to which no response is required.

9.2	The allegations contained in paragraph 9.2 pertain to defendants other than Bar-S, and therefore no response is required. To the extent a response is required, Bar-S denies the same. Additionally, paragraph 9.2 states legal conclusions to which no response is required.

9.3    The allegations contained in paragraph 9.3 pertain to defendants other than Bar-S, and therefore no response is required. To the extent a response is required, Bar-S denies the same. Additionally, paragraph 9.3 states legal conclusions to which no response is required.

9.4    The allegations contained in paragraph 9.4 pertain to defendants other than Bar-S, and therefore no response is required. To the extent a response is required, Bar-S denies the same. Additionally, paragraph 9.4 states legal conclusions to which no response is required.

9.5    The allegations contained in paragraph 9.5 pertain to defendants other than Bar-S, and therefore no response is required. To the extent a response is required, Bar-S denies the same. Additionally, paragraph 9.5 states legal conclusions to which no response is required.

## X. Request for Hearing on Temporary Injunction

10.1    The request contained in paragraph 10.1 pertain to defendants other than Bar-S, and therefore no response is required. To the extent a response is required, Bar-S opposes the same. Additionally, paragraph 10.1 states legal conclusions to which no response is required.

Bar-S denies all allegations in the Complaint not specifically admitted.

## Affirmative and Other Defenses

Bar-S denies any liability to Plaintiff and pleads the following affirmative defenses.

### First Affirmative Defense

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Insofar as the accident at issue in this action was proximately caused by individuals and/or entities not under the control of Bar-S, Plaintiff is not entitled to the requested relief.

**Third Affirmative Defense**

To the extent that Plaintiff and/or individuals or entities other than Bar-S failed to observe any safety standards or applicable laws, Plaintiff is not entitled to the requested relief.

**Fourth Affirmative Defense**

Plaintiff's claims may be barred or limited, in whole or in part, by the doctrine of spoliation of evidence.

**Fifth Affirmative Defense**

Insofar as Plaintiff may have failed to mitigate damages, Plaintiff is not entitled to the requested relief.

**Sixth Affirmative Defense**

Insofar as there was any intervening and/or superseding cause, Plaintiff is not entitled to the requested relief.

**Seventh Affirmative Defense**

Plaintiff's claims are barred or reduced due to the degree or percentage of negligence or fault attributable to Plaintiff or individuals/entities other than Bar-S.

**Eighth Affirmative Defense**

Bar-S asserts all defenses available pursuant to any statute or regulation governing Plaintiff's claims.

### Ninth Affirmative Defense

Any award to Plaintiff of the punitive damages claimed in the Complaint would be improper under governing law and may violate, in whole or in part, Bar-S's constitutional rights.

### Tenth Affirmative Defense

Plaintiff's claims may be barred in whole or in part by a lack of privity.

### Eleventh Affirmative Defense

Plaintiff's claims may be barred in whole or in part due to assumption of the risk.

### Twelfth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred as against Bar-S because Bar-S was not involved in the accident at issue and was incorrectly named in this case.

### Reservation of Rights

Bar-S reserves the right to request leave of Court to amend this Answer, if necessary, at a later date to assert other defenses which may be disclosed as discovery, disclosures, and investigation are completed.

WHEREFORE, Bar-S prays for judgment as follows:

1. Plaintiff takes nothing by virtue of his Complaint, and that the Complaint be dismissed with prejudice in its entirety as to Bar-S.

2. For costs of suit; and

3. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: */s/ Spencer L. Edelman*
   Spencer L. Edelman
   Taryn F. Hanrahan
   Post Office Box 2168
   Albuquerque, New Mexico 87103-2168
   Telephone: 505.848.1800
   spencer.edelman@modrall.com
   taryn.hanrahan@modrall.com

   *Attorneys for Bar-S Foods Co.*

WE HEREBY CERTIFY that on this 5th day of June, 2024, we filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: */s/ Spencer L. Edelman*
   Spencer L. Edelman

*Y:\dox\client\12257\0001\DRAFTS\W5084136.DOCX*