IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | | |
|---|---|---|
| JUN CARLOS LEON-HERRERA | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00153 |
| | § | |
| BAR-S FOODS CO D/B/A SIGMA FOODS AND | § | |
| JORGE ZUNIGA ISAIS D/B/A RVJ | § | |
| TRANSPORT | § | |
| *Defendants* | § | |

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on July 29, 2024 and was attended by:

Jorge Alvarez for Plaintiff(s); and

Sky Willard for Defendant Jorge Zuniga Isais d/b/a RVJ Transport.

## NATURE OF THE CASE

The case arises from an accident that occurred on or around January 7, 2024 on Interstate 40 in Guadalupe County, New Mexico. At the time of the accident, Plaintiff was a commercial driver for Defendant Jorge Zuniga Isais and was operating a motor vehicle owned by Defendant Jorge Zuniga Isais d/b/a RVJ Transport. Plaintiff veered off road on Interstate 40 and collided with the cable barrier in the median. This is a personal injury matter.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:

Plaintiff should be allowed until **November 18, 2024** to move to amend the pleadings and until **October 18, 2024** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant Jorge Zuniga Isais d/b/a RVJ Transport intends to file: None at this time.

Defendants(s) should be allowed until **December 2, 2024** to move to amend the pleadings and until **December 29, 2024** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties further stipulate and agree that the law governing this case is: New Mexico substantive law and federal procedural law.

The parties are willing to further stipulate to facts admitted in the pleadings.

## PLAINTIFF'S CONTENTIONS

This case arises out of an automobile wreck that took place in Guadalupe County off of Interstate 40 with an 18-wheeler that was driven by Plaintiff and owned by Defendant Jorge Zuniga.

Plaintiff was driving an 18-wheeler on behalf of Zuniga, to make interstate runs. For several months prior to the wreck at issue, Plaintiff had been completing 16-20 hour runs in violation of applicable federal law and relevant guidelines contained within the FMCSA. It had become common practice for Plaintiff to complete a 14 to 16-hour haul only to be called to a subsequent job site to pick up and haul a second load without any rest or breaks, with the subsequent trip being just as long, 14-16 hours.  Plaintiff was forced to engage in in this practice under extreme duress and threats of termination by Zuniga. Zuniga had a policies and procedures in place that would force Plaintiff to drive up to 30 straight hours without any meaningful breaks or stops. Zuniga acted in concert with commercial cargo broker, the shipper, and recipients of the cargo in implementing unsafe and illegal driving policies and procedures, which caused the

wreck. Plaintiff filed an unopposed motion for leave to amend to add the broker, shipper, and recipient of the cargo as additional Defendants. On information and belief, Zuniga manipulated driving logs to avoid getting citations during safety inspections.

On the date of the wreck that makes up the subject matter of this lawsuit, Plaintiff had just completed a 16-hour interstate trip. Upon dropping off the load at issue, Plaintiff was to return home to California. However, that same day, January 6, 2024, Plaintiff received a call from Defendant Zuniga informing Plaintiff to meet Zuniga in Arizona for another load, which he would be driving to San Antonio, Texas.  Due to the lack of sleep, Plaintiff's truck veered off the road and rolled over, causing substantial injuries to Plaintiff, including but not limited to the complete amputation of his arm.

## DEFENDANT'S CONTENTIONS

Defendant Jorge Zuniga Isais d/b/a RVJ Transport denies the allegations made by Plaintiff. Defendant Jorge Zuniga Isais d/b/a RVJ Transport was not negligent, and no alleged acts, omissions or conduct attributed to it was a proximate cause of the subject incident. Defendant Jorge Zuniga Isais d/b/a RVJ Transport incorporates its *Answer to Plaintiff's Original Complaint for Personal Injury Damages* that also bars Plaintiff's claims, including failure to state a claim, lack of causation, failure to mitigate or minimize damages, and failure to state facts with sufficient clarity to justify ana ward for punitive/exemplary damages. Defendant Jorge Zuniga Isais d/b/a RVJ Transport reserves the right to amend and supplement its contentions as discovery in this matter proceeds.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

**Initial Disclosures:** Initial disclosures are due within fourteen (14) days after **July 29, 2024** in accordance with Fed. R. Civ. P. 26(a)(1)(C).

**Plaintiff's Witnesses:**

1. Plaintiff Juan Carlos Leon-Herrera

2. Plaintiff's spouse, Monica Ramos

3. Defendant Jorge Zuniga

4. Corporate Representative of Cal Fresco, LLC.

5. Corporate Representative of Sygma Network, Inc.

6. Corporate Representative  of Custom Pro Logistics, LLC.


7. Plaintiff's treating physicians
8. Plaintiff's retained experts. Plaintiff's anticipate retaining liability and damages experts.

9. Any witnesses listed by any Defendant.
10. Any witness necessary for authentication, rebuttal or impeachment.
11. Any witness disclosed through discovery.
12. Any expert witness listed by any Defendant.



**Defendant Jorge Zuniga Isais d/b/a RVJ Transport Witnesses:**

13. Juan Carlos Leon-Herrera

    c/o Jason F. DeSouza
    Jorge L. Alvarez
    DeSouza Injury Lawyers
    4047 Naco Perrin Blvd. Suite 100
    San Antonio, Texas 78230

Plaintiff is expected to testify as to his knowledge of the facts of the subject accident, the injuries he allegedly sustained in the accident, his medical treatment and current medical condition.

14. Plaintiff's treating physicians

Plaintiff's treating physicians and medical providers may be called to testify about the nature and extent of Plaintiff's alleged injuries and the treatment plan set as a result of those alleged injuries.

15. Any witness listed by Plaintiff.
16. Any witnesses listed by any Defendant.

17. Any witness necessary for authentication, rebuttal or impeachment.
18. Any witness disclosed through discovery.
19. Any expert witness listed by Plaintiff.
20. Any expert witness listed by any Defendant.

Defendant Jorge Zuniga Isais d/b/a RVJ Transport reserves the right to identify additional witnesses in accordance with the deadlines established by this Court and the Federal Rules of Civil Procedure.

**Plaintiff's Exhibits:**

1. Body cam footage of responding officers.
2. Bill of Ladings.
3. Police report or any other report prepared and produced by a governmental agency.
4. Any records prepared and/or produced by any Defendant with respect to the subject wreck.
5. Plaintiff's medical records, both pre-accident and post-accident.

6. Any photographs produced by any party.

7. Any and all pleadings, written discovery responses, including interrogatory answers and responses to requests for admission, and documents produced by any party in response to discovery requests in this lawsuit, including, but not limited to, documents obtained through depositions.

8. Exhibits to any depositions in this case and portions of deposition transcripts.

9. Any documents or exhibits identified or used at trial by any other party.

10. Rebuttal exhibits as necessary.

11. Any and all materials prepared, reviewed, and/or relied upon by an expert witness.

**Defendant Jorge Zuniga Isais d/b/a RVJ Transport's Exhibits:**

12. Plaintiff's medical records, both pre-accident and post-accident.

13. Any photographs produced by any party.

14. Any and all pleadings, written discovery responses, including interrogatory answers and responses to requests for admission, and documents produced by any party in response to discovery requests in this lawsuit, including, but not limited to, documents obtained through depositions.

15. Exhibits to any depositions in this case and portions of deposition transcripts.

16. Any documents or exhibits identified or used at trial by any other party.

17. Rebuttal exhibits as necessary.

18. Any and all materials prepared, reviewed, and/or relied upon by an expert witness.

**Discovery will be needed on the following subjects:**

Plaintiff's claims and Defendant's defenses.

Maximum of twenty-five (25) interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party.  (Response due 30 days after service).

Each deposition limited to maximum of 5 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

　　　　from Plaintiff(s) by **January 15, 2024**

　　　　from Defendant(s) by **February 16, 2025**

Supplementation of disclosures and responses must be made in accordance with Fed. R. Civ. P. 26(e)

All discovery commenced in time to be complete by **April 14, 2025.** Discovery on *(issue for early discovery)* to be completed by: N/A.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file: No pre-trial motions are anticipated at this time.

Defendant intends to file: Defendant Jorge Zuniga Isais d/b/a RVJ Transport has not anticipated pretrial motions at this time.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 3-5 days.

_____ This is a non-jury case.

__X__ This is a jury case.

The parties request a pretrial conference <u>45 days before trial.</u>

## **<u>SETTLEMENT</u>**

The possibility of settlement in this case is considered unknown at this time. The parties

request a settlement conference in February, 2025.

## **<u>EXCEPTIONS</u>**

Limitation on Requests for Production.

Limitation on amount of depositions.

Plaintiff intends on filing a Motion for Leave to Amend Plaintiff's Complaint and adding additional parties. This may impact the aforementioned deadlines.

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

*<u>/s/ Jorge L. Alvarez</u>*
For Plaintiff

*<u>Sky Willard</u>*
 For Defendant Jorge Zuniga Isais d/b/a RVJ Transport