IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | |
|---|---|
| **JUAN CARLOS LEON-HERRERA** §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>**BAR-S FOODS CO D/B/A SIGMA FOODS** §<br>**AND JORGE ZUNIGA ISAIS D/B/A RVJ** §<br>**TRANSPORT** §<br>*Defendants* § | **CIVIL ACTION NO. 2:24-CV-00153** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**NOW COMES** Plaintiff, **JUAN CARLOS LEON-HERRERA** (hereinafter "Plaintiff"), by and through his attorneys, **JORGE L. ALVAREZ AND FRANK J. PEHLKE**, and hereby files this Complaint for damages against Defendants, **CAL FRESCO, LLC** hereinafter ("Cal Fresco"), **SYGMA NETWORK, INC.,** hereinafter ("Sygma"), **CUSTOM PRO LOGISTICS, LLC**, hereinafter ("Custom Pro") and **JORGE ZUNIGA ISAIS D/B/A RVJ TRANSPORT** (collectively "Defendants").

## I.   PARTIES

1.1   Plaintiff, **JUAN CARLOS LEON-HERRERA,** is a resident of Mexico.

1.2   Defendant, **CAL FRESCO, LLC**, is a California limited liability company with its principal place of business in Anaheim, California. Cal Fresco is a single member LLC and its only managing member is LF Intermediate Holdings LLC, a limited liability company incorporated in Evanston, Illinois. Defendant Cal Fresco can be served with process through its registered agent, **MICHAEL SANDERS**, at 1765 West Penhall Way, Anaheim, California 92801.

**1.3** Defendant, **THE SYGMA NETWORK, INC.** is a Delaware Corporation with its principal place of business in Dublin Ohio and can be served with process through its registered agent, **CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INC,** at 211 E. 7th Street Suite 620 Austin Texas, 78701.

**1.4** Defendant, **CUSTOM PRO LOGISTICS, LLC,** is a limited liability company with its principal office Cincinnati, Ohio. Custom Pro is a single member LLC and its only managing member is Jeffrey Hiatt, who is resident of Cincinnati, Ohio. Defendant Custom Pro can be served with process through its statutory agent **STEVEN R. WALTERMAN** at 810 Sycamore Street 2nd Floor Cincinnati, Ohio 45202.

**1.5** Defendant, **JORGE ZUNIGA ISAIS** (hereinafter "Zuniga"), is a resident of San Bernardino California and can be served at his residence located at 2147 Mallory Street, San Bernardino, California or wherever he can be found. Zuniga engages in business under the trade name "RVJ Transport." Zuniga is registered with the Department of Transportation as an interstate carrier with DOT # 1900718.

## II. Subject Matter, Personal Jurisdiction, And Venue

**2.1** Venue is proper under 28 U.S.C. §1390 and §1391 as the accident giving rise to the claim occurred in Dona Ana County, New Mexico.

**2.2** Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because the amount in controversy excluding costs, attorney fees, and punitive damages exceeds $1,000,000.00 and there is complete diversity between the parties.

### III.  FACTUAL BACKGROUND

**3.1**  Plaintiff was essentially running a circuit from California to San Antonio and subsequently from Oklahoma to California on behalf of Defendants Zuniga and Custom Pro delivering produce for Defendants Cal Fresco and Sygma.  Defendant Cal Fresco hired Zuniga to deliver produce for Sygma through a third-party broker, Defendant Custom Pro. Zuniga then assigned the Cal Fresco deliveries to Plaintiff.

**3.2**  Given the high demands from Sygma and Cal Fresco, Zuniga and Custom Pro forced Plaintiff to drive up to 20 hours straight per day and unduly pressured him to take caffeine pills to stay awake. More specifically, Zuniga had a policy of compelling drivers to operate trucks between 14-20 hours per day and/or compelling drivers to make multiple interstate trips without adequate breaks for drivers to sleep or rest. Furthermore, Zuniga did not have any training program in place and failed to adequately train Plaintiff on how to operate the truck involved in the collision.  On information and belief, Zuniga would manipulate driver logs to bypass DOT inspections and avoid getting citations for forcing his drivers to drive longer than allowed by DOT regulations.

**3.3**  At all relevant times, Defendants Custom Pro, Sygma, and Cal Fresco had full knowledge, and/or endorsed, promulgated, and participated in Zuniga's unsafe policies and practices to maximize their own profits as set forth herein.

**3.4**  Plaintiff was hired by Defendant RVJ as a long-haul driver to operate an 18-wheeler truck owned by Zuniga (2016 Kenworth Truck; V1UYVS2538DM535320). At all relevant times herein, the Kenworth Truck was owned and operated under the direction and/or supervision of Defendant Zuniga.

**3.5** On or about January 7, 2024, after having completed an interstate trip that lasted approximately sixteen (16) hours long, Plaintiff started driving back to California. Nonetheless, without affording Plaintiff any opportunity to rest or otherwise take a reasonable break, Zuniga, in cooperation with Defendant Custom Pro, forced and/or instructed Plaintiff to start another interstate trip to Texas. In doing so, Zuniga and Custom Pro instructed Plaintiff to meet Zuniga in Arizona wherein Zuniga and Custom Pro would provide him with a new truck and refrigerated cargo to be transported to Texas. Indeed, Cal Fresco, Zuniga, and Custom Pro knew or should have known that Zuniga had been driving for at least sixteen (16) hours straight and still forced him to drive new refrigerated cargo to San Antonio, Texas. More specifically, Defendant Cal Fresco loaded and dispatched the cargo that was transported by Plaintiff knowing that Plaintiff had already been driving more than sixteen (16) hours straight.

**3.6** As Plaintiff drove from Arizona to San Antonio, Texas, Plaintiff drove through Interstate 40 in Guadalupe County, New Mexico on his way to deliver a refrigerated load from Defendant Cal Fresco to Defendant Sygma in San Antonio, Texas. As a result of Zuniga forcing Plaintiff to drive for more than twenty (20) hours straight, he fell asleep while driving, veered off road on Interstate 40 and struck the cable barrier in the median, causing the 18-wheeler to flip on its side, which caused serious injuries to Plaintiff, including but not limited to the complete amputation of his arm. Plaintiff was transported to Guadalupe County hospital with severe injuries. Plaintiff's severed arm was located under the truck and taken to the hospital.

**3.7** Defendant Zuniga routinely forced Plaintiff to drive long hours (14-20 hours per day) and make multiple interstate trips per day under the threat of termination, suspension, or reprimand. More specifically, Defendant Zuniga had a policy of compelling drivers to operate trucks longer than sixteen consecutive (16) hours per day and/or compelling drivers to engage in multiple interstate trips without adequate breaks for drivers to sleep or rest. Furthermore, Zuniga does not have any training program in place and failed to adequately train Plaintiff on how to operate the truck involved in the collision. On information and belief, Defendant Zuniga manipulated or forged trip logs or records to make it seem like Plaintiff was driving less hours in case he was subject to a DOT compliance inspection.

**3.8** Defendants Sygma, Cal Fresco, and Custom Pro, seeking to maximize deliveries and profits, cooperated with Zuniga to force his truck drivers, including Plaintiff, to drive long hours without adequate rest or breaks to allow them to deliver more produce on behalf of Defendants. More specifically, Defendants Cal Fresco, Sygma, and Custom Pro also participated in monitoring and approving the driving hours and schedule Plaintiff was required to work to deliver produce for Sygma and Cal Fresco.

**3.9** As a result of Zuniga's policies of compelling truck drivers to drive sixteen (16) consecutive hours or more and/or drive multiple interstate trips without any significant breaks to rest or sleep, Plaintiff fell asleep while driving on the wheel, veered off road and amputated his arm as a result thereof. At all relevant times herein,

Plaintiff was driving within the course and scope of his agency relationship with Zuniga and performing a task for the benefit of Zuniga, Cal Fresco, and Sygma.

3.10    Plaintiff had been working way too many hours during long working days preceding the accident. Defendants overworked Plaintiff to the point of exhaustion, which was the reason for this accident. Defendants failed to ensure that Plaintiff's work environment was closely monitored, and his driving hours properly tracked. Defendant Zuniga, pursuant to Cal Fresco, Sygma, and Custom Pro's directives, allowed Plaintiff to work a great number of hours on a continuing basis, past the number of hours allowed by law, thereby prompting Plaintiff's fatigue and sleepiness while driving.

3.11    Defendants failed to provide Plaintiff with regular rest and adequate sleep time, acceptable rest breaks and shift lengths under the circumstances, and scheduled days off from work while delivering produce for Defendants.

3.12    Sygma, Cal Fresco, and Custom Pro have an ongoing relationship with Zuniga wherein they contract Zuniga and Zuniga's drivers to deliver food shipments to their facilities in Texas and California.

3.13    On information and belief, Defendants acted in concert with each other and forced Plaintiff to drive the cargo to Texas despite Plaintiff's lack of sleep and being overworked.

3.14    On information and belief, at all relevant times herein, Zuniga and Custom Pro acted as agents of Sygma and Cal Fresco. Moreover, Defendants had a joint

enterprise and/or joint venture wherein they would exploit drivers, such as Plaintiff, to the point of exhaustion, in order to maximize financial profits.

**3.15**   Zuniga did not have workman's compensation insurance and therefore Plaintiff's claims are not barred by NM Stat § 52-1-9 (2018).

## IV.   CAUSES OF ACTION
## (COUNT I)

**NEGLIGENCE, NEGLIGENCE PER SE, AND GROSS NEGLIGENCE AGAINST ZUNIGA**

**4.1**   Plaintiff's harm from Defendant Zuniga resulted from negligence, that is from the Defendant's acts or omissions, which when viewed objectively from the standpoint of Defendant Zuniga at the time of the accident, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiff; and of which Defendant Zuniga had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others, including Plaintiff. As a result, Defendant is guilty of the following acts of omission and commission, each of which constituted negligence and gross negligence and, either singularly or collectively, were the proximate cause of the accident resulting in the severe injuries to Plaintiff.

- Defendant Zuniga failed to ensure that Plaintiff's work environment and health were effectively monitored and tracked throughout Plaintiff's span of employment in the performance of his duties while driving Defendant's truck.

- Defendant Zuniga exposed and involved Plaintiff in an unsafe work environment under extreme working conditions that were complex and continuous, leading to extreme fatigue, a major, if not, the only

contributing factor to the injuries to Plaintiff.

- Defendant Zuniga failed to provide Plaintiff with regular rest and adequate sleep time, acceptable rest breaks, workloads, scheduled days off from work, and shift lengths under the circumstances.
- Defendant Zuniga had a policy in place that compelled drivers, like Plaintiff to drive long consecutive hours while being fatigued or sleep deprived.
- Defendant Zuniga had a policy in place that compelled drivers to make multiple interstate trips without adequate rest or breaks.

4.2   In a nutshell, Defendant Zuniga disregarded health and safety rules and regulations; failed to maintain a properly safe, reliable and dependable work environment for Plaintiff. Further, Defendant Zuniga failed to timely apply and act upon a system of over-work prevention on behalf of Plaintiff.

4.3   Moreover, Defendant Zuniga failed to implement a safety training program as required by DOT guidelines and regulations, which also contributed to the subject incident.

4.4   Defendant Zuniga also violated numerous DOT regulations, which contributed to the accident, including but not limited to C.F.R § 392.3 and other provisions of the FMCSR's relating to keeping driving logs, shipment records, and vehicle inspection records, which also contributed to the subject accident.

4.5   Defendant Zuniga was aware that having a policy of compelling drivers to drive while fatigued and sleep deprived constituted a safety risk and danger to Plaintiff and the community. Nonetheless, he continued to demand and/or force

Plaintiff to drive for extremely long hours (in violation of DOT regulations) without affording him adequate time to rest or sleep. What is more, Defendant Zuniga manipulated driving logs to pass safety audits and achieve his purpose of maximizing financial profits. Therefore, Zuniga acted with willful disregard for the safety of others and engaged in gross negligence when operating his trucking business.

**4.6** Defendant Zuniga's negligence, negligence per se, and gross negligence were the proximate cause of Plaintiff's damages, including but not limited to the amputation of his arm.

### (Count II)
### JOINT ENTERPRISE/SINGLE BUSINESS ENTERPRISE/JOINT VENTURE AGAINST ALL DEFENDANTS

**4.7** Plaintiff adopts and incorporates by reference herein as if copied herein the allegations contained in the paragraphs above, the same as if set forth herein.

**4.8** Plaintiff alleges that Defendants were engaged in a joint enterprise, such that these Defendants had an agreement for a common purpose to be carried out by the Defendants, which shared a common pecuniary interest in that common purpose with each Defendant sharing an equal right to direct and control the enterprise.

**4.9** Defendant Custom Pro brokered the trips with Cal Fresco and/or Sygma on behalf of Zuniga. Custom Pro was fully aware of Zuniga's unsafe practices and participated in Zuniga's scheme by arranging interstate trips with drivers that had been driving way longer than allowed by DOT regulations.

**4.10**   Defendant Zuniga supplied the delivery truck and delivery driver to Defendants Cal Fresco and Sygma.  In turn, Defendant Zuniga**,** with Defendants Cal Fresco and Sygma**,** were engaged in a joint enterprise, such that these Defendants had an agreement for a common purpose to be carried out by the Defendants, which shared a common pecuniary interest in that common purpose with each Defendant sharing a right to direct and control the enterprise.

**4.11**   Pleading in the alternative, Plaintiff invokes the doctrine of *Joint Enterprise* as against Defendants.

**4.12**   A "Joint Enterprise" exists if the parties concerned have: (1) an agreement with respect to the enterprise or endeavor; (2) a common purpose; (3) a community of pecuniary interest in the purpose of the enterprise; and (4) and equal right to a voice in the direction of the enterprise giving an equal right of control.

**4.13**   At the time of the accident Plaintiff was engaged in accomplishing a transportation service task for which for which Defendants would receive a joint benefit. Specifically, Defendants Zuniga and Custom Pro received a financial benefit from Sygma and Cal Fresco for any delivery Plaintiff completed on behalf of Zuniga. Sygma and Zuniga also have a mutual financial incentive to expedite deliveries at the expense of exploiting drivers like Plaintiff.

**4.14**   In addition, at the time of the accident, Plaintiff was subject to  the control of all Defendants relating  to the details of his trip. Specifically, Defendants supplied the tools and equipment which provided the means by which Plaintiff received his assignments, and controlled and set the order by which Plaintiff could operate.

**4.15** At the time of the accident Plaintiff was operating Zuniga's truck for the benefit of Defendants and subject to the control by Defendants as to the details of the delivery trips. Defendants had control over the delivery trips assigned to Plaintiff and are therefore liable under the doctrine of joint enterprise/ business venture.

### (COUNT III)
### NEGLIGENCE AND GROSS NEGLIGENCE AGAINST SYGMA, CAL FRESCO, AND CUSTOM PRO

**4.16** Plaintiff adopts and incorporates by reference herein as if copied herein the allegations contained in the paragraphs above, the same as if set forth herein.

**4.17** Plaintiff's harm from Defendants resulted from negligence, that is from the Defendants' acts or omissions, which when viewed objectively from the standpoint of Defendants at the time of the accident, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiff; and of which Defendants Cal Fresco, Custom Pro, and Sygma had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others, including Plaintiff. As a result, Defendants are guilty of the following acts of omission and commission, each of which constituted negligence and gross negligence and, either singularly or collectively, were the proximate cause of the accident resulting in the severe injuries to Plaintiff.

- Defendants Sygma, Cal Fresco, and Custom Pro had an ongoing relationship with Zuniga and cooperated with Zuniga in implementing Zuniga's unsafe driving practices when drivers, including Plaintiff delivered produce to Sygma. More specifically, Cal Fresco, Custom Pro, and Sygma promoted an unsafe work environment that exposed Plaintiff to a foreseeable risk of harm.
- Implementing and promoting a policy, custom, or practice of exposing

and involving drivers, including Plaintiff to an unsafe work environment under extreme working conditions that were complex and continuous, leading to extreme fatigue, a major, if not, the only contributing factor to the injuries to Plaintiff.

- Acting in cooperation with Zuniga to implement unsafe driving practices and policies that consisted in depriving drivers of regular rest and adequate sleep time, acceptable rest breaks, workloads, scheduled days off from work, and shift lengths under the circumstances when delivering cargo to Sygma and Cal Fresco.

- Acting in cooperation with Defendant Zuniga to implement policies, customs, or practices that compelled drivers, like Plaintiff to drive long consecutive hours while being fatigued or sleep deprived when delivering cargo to Sygma and Cal Fresco.

- Acting in cooperation with Defendant Zuniga to implement policies, customs, or practices that compelled drivers to make multiple interstate trips without adequate rest or breaks when delivering cargo to Sygma and Cal Fresco.

**4.18** In a nutshell, Defendants Sygma, Cal Fresco, and Custom Pro acted in concert with Zuniga when Zuniga disregarded health and safety rules and regulations; failed to maintain a properly safe, reliable and dependable work environment for Plaintiff.

**4.19**   Moreover, Defendants Sygma, Cal Fresco, and Custom Pro were aware that Zuniga failed to implement a safety training program as required by DOT guidelines and regulations. Indeed, Sygma, Cal Fresco, and Custom Pro acted in concert with Zuniga to implement unsafe practices and violations to the DOT regulations, which also contributed to the subject incident.

**4.20**   Defendants Sygma, Cal Fresco, and Custom Pro cooperated with Zuniga to engage in violations of numerous DOT regulations, including but not limited to C.F.R § 392.3 and other provisions of the FMCSR's relating to keeping driving logs, shipment records, and vehicle inspection records. Defendants Sygma, Cal Fresco, and Custom Pro contributed and/or acted in concert with Zuniga to engage in these numerous violations, which also contributed to the subject accident.

**4.21**   Defendants Sygma, Cal Fresco, and Custom Pro were aware that Zuniga had a policy of compelling drivers to drive while fatigued and sleep deprived constituted a safety risk and danger to Plaintiff and the community. Nonetheless, Sygma, Cal Fresco, and Custom Pro continued to promote and implement this practice, forcing Plaintiff to drive for extremely long hours (in violation of DOT regulations) without affording him adequate time to rest or sleep. What is more, Defendants Sygma, Cal Fresco, and Custom Pro were aware or should have been aware that Zuniga manipulated driving logs to pass safety audits and achieve his purpose of maximizing financial profits relating to Cal Fresco and Symga's deliveries and still continued to engage in business with him thereby promoting this unsafe practice. Therefore, Defendants acted with willful disregard for the safety of others and engaged in gross negligence when operating his trucking business.

**4.22** Defendants' negligence and gross negligence were the proximate cause of Plaintiff's damages, including but not limited to the amputation of his arm.

## V. DAMAGES

**5.1.** As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Juan Carlos Leon-Herrera was caused to suffer injuries to his body, both temporary and permanent, and to incur the following damages: endured pain and suffering, amputation of his arm, both physical and mental, incurred medical expenses, have undergone medical treatment will undergo medical treatment in the future and have suffered loss of enjoyment of life, general bodily impairment and has been unable to engage in normal family, social, recreational and household services, activities, lost income, and other damages which will continue into the future. Plaintiff is entitled to compensation for his damages.

## VI. PUNITIVE DAMAGES

**6.1.** Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

**6.2.** The actions of Defendants demonstrate a conscious disregard for the rights and safety of Plaintiff and other motorists.

**6.3.** Defendants acted in such a reckless, willful, and wanton manner as to justify an award of punitive and exemplary damages against them in an amount to punish them for their egregious behavior and to deter others from acting in a like manner in the future.

## VII.    INTEREST

**7.1.**    Plaintiff seeks pre-judgment and post-judgment interest at the applicable rate allowed by law.

## VIII. Plaintiff's Designated Electronic Service Email Address

**8.1**.   Plaintiff hereby request all parties and their counsels of record send all documented served electronically on the undersigned to DeSouza Injury Lawyers designated service email: scheduling@jfdlawfirm.com. Any documents emailed to any other address at the firm will not be considered as served. All general communication should be sent to the undersigned's direct email address, not the electronic service address.

## PRAYER

**BASED THEREON**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein and that upon final hearing of the cause, judgment be entered for the Plaintiff against the Defendants, for actual damages in an amount in excess of the minimum jurisdictional limits of the court, punitive damages, interest, attorney fees and taxable costs of court.

**RESPECTFULLY SUBMITTED,**

**DESOUZA INJURY LAWYERS**
4047 NACO PERRIN
SAN ANTONIO, TEXAS 78217
210/ 714-4215 – PHONE
210/496-0060 – FACSIMILE

**BY: /S/ JORGE L. ALVAREZ**
JORGE L. ALVAREZ
NM NO.: 23-103
TX BAR NO.: 24133590
jorge@jfdlawfirm.com

*BY: /S/ Frank J. Pehlke*
FRANK J. PEHLKE
NM NO.: 24-149
TX BAR NO.: 24129366
frank@jfdlawfirm.com

commercial@jfdlawfirm.com (E-Serve)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 20th day of August, 2024:

**VIA E-MAIL:** rsedillo@jshfirm.com; swillard@jshfirm.com
**RAUL P. SEDILLO**
**SKY WILLARD**
**JONES, SKELTON & HOCHULI P.L.C.**
8220 SAN PEDRO DRIVE NE, SUITE 420
ALBUQUERQUE, NEW MEXICO 87113
TELEPHONE: (505) 339-3500
FACSIMILE: (505) 339-3200
**ATTORNEYS FOR DEFENDANT:**
**JORGE ZUNIGA ISAIS D/B/A RVJ TRANSPORT**

                */s/ JORGE L. ALVAREZ*
                JORGE L. ALVAREZ