# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**Before the Honorable Gregory J. Fouratt**
**United States Magistrate Judge**

**Clerk's Minutes**

**Civ. No. 24-153 MIS/GJF**

*Leon-Herrera v. Bar-S Foods Co.*

**Date of Hearing: 8/20/2024**
*(not recorded)*

| | |
|---|---|
| **Attorneys for Plaintiff**: | Jorge L. Alvarez |
| **Attorney for Defendant**: | Schuyler Willard |
| **Proceedings**: | Telephonic Rule 16 Conference |
| *Start Time*: | 1:15 p.m. |
| *Stop Time*: | 1:40 p.m. |
| **Total Time**: | **25 minutes** |
| **Clerk**: | JWW |

**Notes:**

- The Court made introductions.
- The Court reminded Mr. Alvarez that he has until tomorrow to file his Amended Complaint pursuant to the presiding judge's order of August 7th. ECF 27. Mr. Alvarez stated that he was aware of this deadline and will be filing his Amended Complaint.
- The Court inquired as to the reason for the parties listing different deadlines to amend pleadings and add parties.
- Mr. Alvarez stated that he entered different deadlines for amending pleadings and adding parties to match the Defendant.
- Mr. Willard stated that it was merely an oversight, and that he did not intend to list different dates for amending pleadings and adding parties.
- The Court proposed deadlines of November 1, 2024, for Plaintiff to amend pleadings and add parties and December 2, 2024, for Defendant to amend pleadings and add parties.
- Both parties agreed to the deadlines proposed by the Court.
- The Court indicated that Plaintiff was required to make his initial disclosures by August 12, 2024, and inquired as to whether Plaintiff had made these disclosures because they do not appear on the docket.

- Mr. Alvarez indicated that he served the required initial disclosures on Defendant, and that he will update the docket to reflect this service.
- The Court noted that it is unfamiliar with witnesses 4, 5, and 6 (Corporate Representatives of Cal Fresco, LLC, Sygma Network, Inc., and Custom Pro Logistics, LLC, respectively) listed by Plaintiff in the JSR and asked Plaintiff to clarify the significance of these witnesses.
- Mr. Alvarez indicated that witnesses 4, 5, and 6 represent new parties that Plaintiff will add as defendants in its forthcoming Amended Complaint.
- Mr. Alvarez advised the Court that Plaintiff's Amended Complaint is attached to Plaintiff's Motion for Leave to Amend. ECF 26 at 4–20.
- The Court inquired as to the helpfulness of setting a discovery schedule at today's hearing given the fact that at least three corporate defendants will soon be brought into the case.
- Mr. Alvarez indicated that he discussed this with Defendant's counsel and feels that the parties' proposed schedule gives sufficient time to accommodate the new defendants.
- The Court inquired as to the parties' disagreement on the number of depositions that each party will conduct.
- Mr. Willard indicated that Mr. Alvarez wanted fifteen depositions, which Mr. Willard considered excessive.
- Mr. Alvarez indicated that he has as many as eleven witnesses already in mind that he would like to depose but suggested that he likely will not need to depose more than fifteen witnesses. He asked for a higher number so that he did not have to ask for permission to depose more witnesses, should he need to do so.
- The Court indicated that fifteen depositions per side will be fair given the new parties that will be added to the case.
- The Court noted that the parties agreed to a limit of five hours for each deposition.
- The Court inquired as to the parties' disagreement as to the number of RFPs.
- Mr. Willard indicated that Defendant has been served with Plaintiff's first set of RFPs. Mr. Willard further indicated that he would like 25 RFPs, which is in line with the number of interrogatories that the parties agreed to.
- The Court inquired how many RFPs Plaintiff asked for and how Plaintiff already served.
- Mr. Willard indicated Defendant received 26 requests for production.
- Mr. Alvarez indicated that he would like ten more requests for production (for a total of 35 per party). Mr. Willard agreed with that number.
- The Court inquired as to whether Defendant disclosed insurance information in its initial disclosures, how many relevant insurance policies Defendant holds, and the policy limits of those policies.
- Mr. Willard indicated that Defendant disclosed insurance information in its initial disclosures, and that Defendant has one relevant insurance policy with a $1 million limit. Mr. Willard further indicated that the policy has some contingencies regarding coverage issues, and that these issues have been communicated to Plaintiff.

- The Court inquired as to whether Plaintiff made any pre-lawsuit settlement demands.
- Mr. Alvarez indicated that Plaintiff made no formal, pre-lawsuit settlement demands, and that Plaintiff wants to add all defendants before initiating formal settlement discussions.
- The Court inquired as to the scheduling of an inspection of the truck Plaintiff was driving at the time of the crash.
- Mr. Willard indicated that an inspection is scheduled for September 4, 2024, and that he will share data from the inspection with all defendants.
- The Court inquired as to the status of personal property in the cab of the truck and whether Plaintiff can have his personal property returned.
- Mr. Willard indicated that returning personal property found in the cab would likely not be an issue. He further indicated that if Defendant uncovered any relevant personal property in the cab, such as a cell phone, Defendant may flag such property as potential evidence.
- The Court indicated that it will set a discovery schedule in line with the parties' requests in the JSR (except for altering the deadline for the parties to amend pleadings and add parties). The Court further indicated that this schedule is flexible because of the new defendants, and that it will wait to schedule a settlement conference until the new defendants are added.
- Mr. Alvarez inquired as to whether the Court holds settlement conferences in person.
- The Court stated that it only holds settlement conferences in person. The Court noted potential difficulties with an in person settlement conference given that Plaintiff resides in Mexico and Defendant resides in California.
- Mr. Alvarez indicated that an in person settlement conference will likely be ok, but that he first must ensure Plaintiff will not have any difficulties attending.
- The Court indicated that the parties should email opposing counsel and chambers should any garden variety discovery disputes arise so that the Court can attempt to address the dispute without the parties needing to brief formal motions.
- Mr. Willard indicated that he still needs HIPAA releases and some related medical information from Plaintiff, as required by the rules governing initial disclosures.
- Mr. Alvarez indicated that he will send the necessary authorizations by the end of the week.
- The Court adjourned.