UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JUAN CARLOS LEON-HERRERA,

    Plaintiff,

v.                                                                                          Civ. No. 24-153 MIS/GJF

BAR-S FOODS CO. D/B/A SIGMA FOODS, *et al.*,

    Defendants.

## SCHEDULING ORDER

The Court held a telephonic Rule 16 scheduling conference on August 20, 2024. The Joint Status Report [ECF 29] is adopted as an order of the Court subject to the modifications set forth below.

**IT IS ORDERED** that the parties shall adhere to the following discovery amounts and case management deadlines:

(a) Maximum of twenty-five (25) interrogatories, twenty-five (25) requests for admission, and thirty-five (35) requests for production, per party to any other party. Responses shall be served within thirty (30) days.

(b) Maximum of fifteen (15) depositions per side. Each deposition (other than a party) is limited to maximum of five (5) hours unless extended by agreement among all counsel.

(c) Deadline to amend pleadings or join parties:     **November 1, 2024**, for Plaintiff
    **December 2, 2024**, for Defendant

(d) Expert report deadline:     **January 15, 2025**, for Plaintiff
    **February 16, 2025**, for Defendant

(e) Termination of discovery:     **April 14, 2025**

(f) Motions relating to discovery:     **May 5, 2025**

    (g) All other motions:                                                     **May 19, 2025**[1]

    (h) Plaintiff shall submit a proposed pretrial order to Defendant no later than **45 days after the later of** either (1) the pretrial motions deadline, if no dispositive motions have been filed; or (2) the date on which the presiding judge resolves the last remaining dispositive motion, if any dispositive motions have been filed. Defendant shall submit a consolidated final pretrial order to the Court no later than **14 days** after receiving Plaintiff's proposed pretrial order.

Any extension of the case management deadlines must be approved by the Court. The parties, however, may extend their response and reply deadlines "by agreement of all parties" if "[f]or each agreed extension, the party requesting the extension . . . file[s] a notice identifying the new deadline and the document (response or reply) to be filed." D.N.M.LR-Civ. 7.4(a). Any extension of these briefing times must not interfere with the case management deadlines established herein.

Requests by a party to change the timing or scope of discovery must be made by motion and before the termination of discovery or the expiration of any applicable deadline. A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The cutoff for motions related to discovery does not relieve the party of the twenty-one-day time period under Local Rule 26.6 to challenge a party's objections to answering discovery. The parties must disclose *all* testifying witnesses, not just those for whom a report is required. *See* Fed. R. Civ. P. 26(a)(2).

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[1] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The presiding judge will set a motions-in-limine deadline in a separate order. Counsel should review and comply with the chambers-specific guidelines for the presiding and referral judges assigned to this case, which are available at https://www.nmd.uscourts.gov/judges. Each judge may have practices and submission procedures that counsel are expected to follow.