UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JUAN CARLOS LEON-HERRERA,

    Plaintiff,

vs.

BAR-S FOODS CO. D/B/A SIGMA-FOODS
AND JORGE ZUNIGA ISAIS D/B/A
RVJ TRANSPORT,

    Defendants.

NO. 2:24-CV-00153-MIS-GJF

**DEFENDANT JORGE ZUNIGA ISAIS D/B/A RVJ TRANSPORT'S
MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED**

COMES NOW Defendant Jorge Zuniga Isais d/b/a RVJ Transport (hereinafter "RVJ" or "Defendant"), by and through his attorneys, Jones, Skelton & Hochuli, P.L.C. (Raúl P. Sedillo and Sky Willard), and pursuant to Rule 36 requests an Order deeming its Requests for Admission admitted. As grounds for this Motion, Defendant states as follows:[1]

**INTRODUCTION**

Defendant served Interrogatories, Requests for Production, and Requests for Admission on Plaintiff on September 20, 2024. [*See* Doc 34] Plaintiff's answers, responses, and potential objections were due 30 days after.[2] Plaintiff never requested an extension or filed a motion for an extension with the Court. Plaintiff failed to timely serve his answers, responses, or potential objections. Defendant notified Plaintiff of his failure in a good-faith correspondence dated

---

[1] Pursuant to D.N.M.L.R. Civ. 7.1(a) the Parties' concurrence regarding this Motion was sought. Plaintiff opposes the Motion. Sygma Network, Inc. takes no position on the Motion.

[2] 30 days after September 20, 2024 fell on October 20, 2024, which was a Sunday. Therefore, pursuant to Fed.R.Civ.P. 6(a)(1)(C), Plaintiff's discovery responses were due on Monday, October 21, 2024.

October 22, 2024. [*See* Exhibit A, email dated October 22, 2024] In the same email, Defendant notified Plaintiff that any denials or objections to Defendant's Requests for Admission would be improper. *Id.*

Clearly in response to realizing his error, Plaintiff then served his responses to Defendant's Requests for Admission shortly after. [*See* Exhibit B, email dated October 22, 2024] Plaintiff's responses contained improper objections and denials. [*See* Exhibit C, Plaintiff Juan Carlos Leon-Herrera's Responses and/or Objections to Defendant's Requests for Admission] To date, Plaintiff has still not served his answers and responses to Defendant's Interrogatories or Requests for Production, nor provided any correspondence or explanation for Plaintiff's blatant failure to abide by the discovery rules and the Court's Scheduling Order. [*See* Doc. 32 ("Responses shall be served within thirty (30) days.")].

## I.  Plaintiff's responses were all deemed admitted under Rule 36(a)(3) because they were served untimely.

The Federal Rules of Civil Procedure are unambiguous: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed.R.Civ.P. 36(a)(3). In other words, the effect of not responding within 30 days is an admission. *Id.* Equally unambiguous is the Court's Scheduling Order, which requires responses within 30 days. [*See* Doc 32] Plaintiff failed to timely serve written answers or objections to Defendant's Request for Admission. Therefore, all of Defendant's Requests for Admissions must be deemed as admitted.

Moreover, a quick glance at Plaintiff's Responses reveals that it was not a particularly burdensome job for Plaintiff to timely respond to Defendant's Requests for Admission. Defendant submitted seven Requests and Plaintiff had thirty days to respond. [*See* Exh. C] If this

2

was not enough time, Plaintiff undoubtedly could have asked for an extension to respond. Plaintiff's failure to timely submit responses or request an extension is completely inexcusable. Finally, any argument from Plaintiff that his responses were "barely late" should be rejected. First, Rule 36 does not provide inherent leniency for "barely late" submissions, nor has Plaintiff sought leave to amend his answers. Second, it is quite apparent that Plaintiff's responses would likely have been served significantly later were it not for Defendant's rather immediate good-faith correspondence, which seemingly prompted Plaintiff to begin answering the discovery that Defendant is entitled to.[3] But Defendant's due diligence does not excuse Plaintiff's lack of due diligence. In applying the unequivocal language of Rule 36, this Court should deem all of Plaintiff's Responses to Defendant's Requests for Admissions as admitted.

## II.     Plaintiff's objections are frivolous.

After Defendant explicitly notified Plaintiff that he has no grounds to object to or deny Defendant's Requests for Admission, Plaintiff still brazenly raises frivolous objections. For example, Request No. 3 states: "Admit that on January 7, 2024, you were qualified to drive commercial motor vehicles in the United States." [Exh. C] Plaintiff responded: "Plaintiff objects to this request as it is vague and ambiguous as it fails to define the terms qualified and commercial motor vehicle. This request also seeks an improper legal conclusion. On that basis, Plaintiff denies this request." [*Id.*] Plaintiff's objections are nonsensical. Qualified drivers are defined by 49 CFR § 391.11. Commercial motor vehicles are defined by 49 CFR § 390.5. Therefore, Plaintiff's frivolous objection fails the language of Rule 36(a)(4), which requires a responding party to make a reasonable inquiry and to state that the information they know or can readily obtain is insufficient to enable them to admit or deny. Fed. R. Civ. P. 36(a)(4). This also

---

[3] To date, Plaintiff has failed to serve responses to Defendant's Interrogatories or Requests for Production.

3

fails common sense: Plaintiff was a commercial motor vehicle driver, which is at the very heart of this case, is he really going to claim that he does not know what a commercial motor vehicle is? Therefore, this is also not an improper legal conclusion as Plaintiff contends—this Request is squarely the application of law to fact, as contemplated by Rule 36(a)(1)(A). Defendant has the absolute right to know whether Plaintiff is claiming he was a qualified or unqualified driver.

Equally frivolous is Plaintiff's objection to Request No. 4, which reads: "Admit that on January 7, 2024, you had a duty as an Independent Contractor to comply with the Federal Motor Carrier Safety Regulations." [Exh. C] Plaintiff responded: "This Request seeks an improper legal conclusion relating to Plaintiff's status as an independent contractor. On that basis, Plaintiff denies this request." [*Id.*] This also fails Rule 36. Rule 36(a)(4) requires that, if Plaintiff does need to qualify the status of his employment with Defendant, then he still must specify the part admitted and qualify or deny the rest. Fed. R. Civ. P. 36(a)(4). To the extent Plaintiff is implicitly claiming a lack of knowledge on his employment status, Rule 36(a)(4) requires Plaintiff to state that he has made a reasonable inquiry and that the information he knows or can readily obtain is insufficient to be able to allow him to admit or deny. Plaintiff's objections are frivolous and fail Rule 36.

## CONCLUSION

Plaintiff's untimely responses to Defendant's Requests for Admission are inexcusable, and in properly applying Rule 36, this Court must deem all of Defendant's Requests for Admission as admitted. Moreover, even were it not for Plaintiff's untimely service, the objections raised by Plaintiff in his Requests for Admission are frivolous and deficient under Rule 36. Plaintiff's objections should be withdrawn, and Defendant's Requests for Admissions should be deemed admitted.

Respectfully submitted,

/s/ *Sky Willard*
Raúl P. Sedillo
Sky Willard
Jones, Skelton & Hochuli, P.L.C.
8220 San Pedro Dr NE, Suite 420
Albuquerque, New Mexico 87113
Telephone: (505) 339-3500
Facsimile:  (505) 339-3200
E-mail:     rsedillo@jshfirm.com
            swillard@jshfirm.com

*Attorneys for Defendant Jorge Zuniga Isais d/b/a RVJ Transport*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Jason F. DeSouza
Jorge L. Alvarez
DeSouza Injury Lawyers
4047 Naco Perrin Blvd. Suite 100
San Antonio, Texas 78230
Tel: (210) 714-4215
Fax: (210) 496-0060
jason@jfdlawfirm.com
jorge@jfdlawfirm.com
*Attorneys for Plaintiff*

Judd C. West
Julia Broggi
Holland & Hart LLP
110 North Guadalupe, Suite 1
Santa Fe, New Mexico 87501
Tel: (505) 988-4421
jcwest@hollandhart.com
jbroggi@hollandhart.com
*Attorneys for Defendant Sygma Network, Inc.*

/s/ *Sky Willard*
Sky Willard