IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | |
|---|---|
| JUN CARLOS LEON-HERRERA § | |
| *Plaintiff* § | |
| § | |
| v. § | CIVIL ACTION NO. 2:24-CV-00153 |
| § | |
| BAR-S FOODS CO D/B/A SIGMA FOODS § | |
| AND JORGE ZUNIGA ISAIS D/B/A RVJ § | |
| TRANSPORT § | |
| *Defendants* § | |

**PLAINTIFF'S MOTION TO WITHDRAW FACTS DEEMED ADMITTED AND TO FILE LATE DISCOVERY OBJECTIONS BASED ON EXCUSABLE NEGLECT AND FOR GOOD CAUSE SHOWN**

**NOW COMES** Plaintiff, **JUAN CARLOS LEON-HERRERA** (hereinafter "Plaintiff"), and submits this Motion to Withdraw Facts Deemed Admitted.

### PERTINENT FACTS AND BACKGROUND

1. Plaintiff filed his *Original Complaint* on 14 February 2024.

2. Defendant Jorge Zuniga Isais d/b/a RVJ Transport served its Interrogatories, Request for Production, and Requests for Admissions to Plaintiff on 20 September 2024.

3. Plaintiff did not discover the failure to file timely answers and objections until 22 October 2024.

4. Due to excusable neglect, the referenced discovery was improperly calendared to be due on 30 October 2024 as explained below.

5. Attached hereto and incorporated herein for all purposes as **Exhibit "1"** is the Unsworn Declaration of paralegal Brianna Somohano (Somohano), which states, *inter alia*, that the referenced discovery was forwarded for calendaring to paralegal Alina Guzman on 30 September 2024.

6. Attached hereto and incorporated herein for all purposes as **Exhibit "2"** is the Unsworn Declaration of paralegal Alina Guzman (Guzman), which states, *inter alia*, that due to an inadvertent and unintentional oversight, she calendared the due date for October 30, 2024 using the date she received it, 30 September 2024, instead of calendaring it from the service date of 20 September 2024, which would have made the deadline October 21, 2024.

7. Plaintiff avers that the respective explanations of Somohano and Guzman, and the argument and authorities set forth below, are legally sufficient evidence to show that their excusable neglect is of the type the Court would be justified in exercising its legal and equitable discretionary powers to excuse.

## ARGUMENT AND AUTHORITIES

8. When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect. *Fed. R. Civ. P.*, 6(b)(1)(B). (*See attached Exhibit "3"*)

9. The United States Supreme Court has addressed the meaning of "excusable neglect" in the context of the provision for late filings in the context of a bankruptcy proceeding. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S.

3890 (1993) (*See attached* **Exhibit "4"**). The Supreme's Court decision and reasoning was adopted and followed by the Tenth Circuit Court of Appeals soon thereafter in *City of Chanute, Kan. V. Williams Nat. Gas Co.*, 31 F.3d 1041,1045-46 (10th Cir. 1994) (*See attached* **Exhibit "5"**), interpreting "excusable neglect" in the context of failure to file a timely notice of appeal.

10. The United States Supreme Court concluded that in using the term excusable neglect, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388.

11. The United States Supreme Court further opined, "…that in applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. *Id*. at 391-92 (internal citations omitted).

12. In *Pioneer*, the Supreme Court directed lower courts considering whether neglect is excusable to "tak[e] account of all relevant circumstances surrounding the party's omission" and specifically pointed to four factors to be weighed in the process:

    a. the danger of prejudice to the nonmoving party;

    b. the length of the delay and its potential impact on judicial proceedings.

    c. the reason for the delay, including whether it was within the reasonable control    of the movant; and

    d. whether the movant acted in good faith.

    *Id*. At 395

Prior to the filing of this motion, Plaintiff has filed responses and objections to Defendant's Interrogatories (filed 24 October 2024), Request for Production (filed 24 October 2024), and Requests for Admissions (filed 22 October 2024). As such, the short delay will cause no prejudice to the nonmovant (factor "a" above), nor cause an adverse impact on the judicial proceedings (factor "b" above), and the Plaintiff has acted in good faith in correcting the inadvertent and unintentional late filing oversight (factor "d" above). With respect to factor "c" above, the Tenth Circuit has held that "excusable neglect" in the context of Fed. R. Civ. P. 6(b) carries the same commonly accepted meaning as discussed by the bankruptcy rules context such that it "**may extend to inadvertent delays**" (emphasis added). *City of Chanute, Kan.,* 31 F.3d at 1046, citing *Pioneer,* 507 U.S. at 391-92.

## CONCLUSION

13.     Based on the facts, evidence and case law set forth above, Plaintiff has shown the Court that the excusable neglect present here is of the type that should be excused.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant this Motion to Withdraw Facts Deemed Admitted And To File Late Discovery Objections Based On Excusable Neglect and For Good Cause Shown, and for any and all other just and equitable relief that this Court deems appropriate.

**RESPECTFULLY SUBMITTED,**

**DESOUZA INJURY LAWYERS**
4047 NACO PERRIN
SAN ANTONIO, TEXAS 78217
210/ 714-4215 – PHONE
210/496-0060 – FACSIMILE

**BY: /S/ JORGE L. ALVAREZ**
JORGE L. ALVAREZ
NM NO.: 23-103
TX BAR NO.: 24133590
jorge@jfdlawfirm.com

**BY: /s/ JEFFERY E. PRATT**
JEFFERY E. PRATT
STATE BAR NO.: 16239980
JPRATT@JFDLAWFIRM.COM

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned counsel conferred via telephone with opposing counsel Sky Willard, counsel for Defendant Jorge Zuniga Isais d/b/a RVJ Transport, on October 24, 2024, on the substance of this Motion, and counsel for defendant opposes the motion.

*/S/ JEFFERY PRATT*
JEFFERY PRATT

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the October 24, 2024:

**VIA E-MAIL:** rsedillo@jshfirm.com; swillard@jshfirm.com
**RAUL P. SEDILLO**
**SKY WILLARD**
**JONES, SKELTON & HOCHULI P.L.C.**
8220 SAN PEDRO DRIVE NE, SUITE 420
ALBUQUERQUE, NEW MEXICO 87113
TELEPHONE: (505) 339-3500
FACSIMILE: (505) 339-3200
**ATTORNEYS FOR DEFENDANT:**
**JORGE ZUNIGA ISAIS D/B/A RVJ TRANSPORT**

*/S/ JEFFERY PRATT*
JEFFERY PRATT