UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JUAN CARLOS LEON-HERRERA,

    Plaintiff,

vs.

BAR-S FOODS CO. D/B/A SIGMA-FOODS
AND JORGE ZUNIGA ISAIS D/B/A
RVJ TRANSPORT,

    Defendants.

NO. 2:24-CV-00153-MIS-GJF

**DEFENDANT JORGE ZUNIGA ISAIS D/B/A RVJ TRANSPORT'S
RESPONSE TO PLAINTIFF'S MOTION TO WITHDRAW FACTS DEEMED
ADMITTED AND TO FILE LATE DISCOVERY OBJECTIONS**

COMES NOW Defendant Jorge Zuniga Isais d/b/a RVJ Transport (hereinafter "RVJ" or "Defendant"), by and through his attorneys, Jones, Skelton & Hochuli, P.L.C. (Raúl P. Sedillo and Sky Willard), and pursuant to Rule 36 requests an Order deeming its Requests for Admission admitted. As grounds for this Motion, Defendant states as follows:

### I.  INTRODUCTION

Plaintiff's answers, responses, and objections to Defendant's first set of discovery were due on October 21, 2024. On October 22, 2024, Defendant notified Plaintiff that his discovery responses were late and of the resulting consequences. [Exhibit A, email dated October 22, 2024] Nevertheless, Plaintiff served his response to Defendant's Requests for Admission (RFAs) on October 22, 2024. The deficiencies of the RFA responses are addressed in Doc. 39, which is adopted by reference in the present briefing pursuant to Rule 10(c). *See* Fed. R. Civ. P. 10(C). Plaintiff then served his answers and responses to the Interrogatories (ROGs) and Requests for Production (RFPs) on October 24, 2024. [Exhibit B, Plaintiff's Answers and/or Objections to

Defendant's First ROGs]; [Exhibit C, Plaintiff's Responses and/or Objections to Defendant's RFPs] These answers and responses are not just untimely, they are also substantively deficient. [Exhibit D, Defendant's good-faith correspondence to Plaintiff] Plaintiff's Motion concedes that these answers, responses, and objections were untimely and that Plaintiff was only prompted to serve responses by Defendant's due diligence in notifying Plaintiff that they were late (Plaintiff claims to have calendared the deadline for October 30, 2024, therefore the service on October 22 and October 24 was a result of Defendant's good-faith correspondence). [*See generally* Doc. 40] It would be one thing if Plaintiff served sufficient answers and responses a few days late. It is quite another thing that Plaintiff untimely served woefully deficient answers and responses riddled with nonsensical and nonspecific objections. Plaintiff's objections should be stricken, Defendant's RFAs should be deemed admitted, and Defendant's ROGs and RFPs should be compelled to be fully answered.

## II. ARGUMENT AND ANALYSIS

A district-court's decision whether to permit withdrawal or amendment of responses to requests for admission is reviewed for abuse-of-discretion. *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1245–46 (10th Cir. 2005).

As a starting point, Rule 33(b)(4) provides for an automatic waiver of objections, with a narrow exception upon a showing of good cause. *See* Fed. R. Civ. P. 33(B)(4). Rules 34 and 36 do not contain analogous "good cause" language, but courts have similarly interpreted them to waive any objection to a RFP or RFA that is not stated specifically in a timely response absent a showing of good cause. *See City of Las Cruces v. United States*, No. CV 17-809 JCH/GBW, 2021 WL 5207098, at *10 (D.N.M. Nov. 9, 2021).

Plaintiff's general position on the waiver of his objections and the deemed admissions is not entirely clear—Plaintiff opposed Defendant's Motion to Deem Requests for Admission Admitted. [*See* Doc. 39, footnote 1] But the next day Plaintiff filed the present Motion, essentially moving to undo the deemed admissions. [*See generally* Doc. 40] This contradicts his opposition to Document 39. Moreover, Plaintiff's Response to Defendant's Motion to Deem Requests for Admission Admitted was due on November 6, 2024. As of the date of this filing, Plaintiff did not file a Response nor ask for an extension to file a Response. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time frame prescribed for doing so constitutes consent to grant the motion."). Plaintiff's Motion also ostensibly asks for relief to submit objections, understanding the issue of untimeliness, yet Plaintiff still moved forward with serving written discovery answers and responses littered with frivolous objections before receiving any potential relief. Plaintiff's confusing position has caused excessive briefing to try and rectify Plaintiff's discovery deficiencies.

Plaintiff's Motion also applies the wrong standard. To withdraw his deemed admissions, Plaintiff should be seeking relief under Rule 36(b).

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and iff the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

*See* Fed. R. Civ. P 36(b). For Plaintiff's untimely objections, Plaintiff must show good cause pursuant Rule 33(b)(4) and caselaw reading the same standard into Rule 34 and 36. *See Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 662 (D. Colo. 2000). Plaintiff's effort to show "excusable neglect" is erroneous and fails both. *See Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 497 (D. Kan. 1998) ("Their proffered excuse shows nothing beyond carelessness, inadvertence, or

3

mistake by counsel. Such showing does not constitute good cause for missing the deadline[.]"); *Broitman v. Kirkland (In re Kirkland),* 86 F.3d 172, 175 (10th Cir.1996) ("[G]ood cause" requires a greater showing than "excusable neglect.") (citations omitted).

### A. Plaintiff fails to address, let alone satisfy, the test for withdrawing deemed admissions under Rule 36(b).

Plaintiff argues that mis-calendaring a discovery deadline does nothing more than provide the tardy counsel with a unilateral extension to answer the discovery. This is wrong. The consequences of serving untimely discovery are built into the very Rules: RFAs are deemed admitted, and objections to RFAs, ROGs, and RFPs are waived. To undo the deemed admission, Plaintiff must satisfy a two-part test. *See* Fed. R. Civ. P. 36 (b); *Raiser* at 1246 (10th Cir. 2005). Part one is satisfied by showing that upholding the admissions would practically eliminate any presentation of the merits of the case. *Id.* Part two is satisfied by showing that the party opposing withdrawal would be prejudiced by withdrawal of the admissions. *Id.* Plaintiff has made no effort to satisfy part one of this test, therefore Defendant has nothing to respond to. *See Glad v. Thomas County Nat'l Bank*, 1990 WL 171068 (D.Kan.1990) (court will not consider new arguments and issues presented in a reply brief because [responding party] has not had an opportunity to respond). As the party opposing withdrawal, Defendant must satisfy part two of this test.

RFAs Nos. 1 and 2 were admitted, and therefore not subject to Plaintiff's Motion. [Exhibit E, Plaintiff's Responses and/or Objections to Defendant's RFAs] RFAs Nos. 3 and 4 raise nonsensical and frivolous objections, addressed in Doc. 39, before nevertheless asserting a denial. [Exh. E] Request No. 5 requests Plaintiff to admit that he was on his phone at the time of the accident. [Exh. E] Whether Plaintiff was on his phone at the time of the accident is enormously important. However, Plaintiff's cell phone is allegedly missing. [Exh. C at RFP No. 25] Moreover, Plaintiff refuses to produce a cell phone release. [Exh. C at RFP No. 19] Defendant would be

severely prejudiced by the withdrawal of the deemed admission to Request No. 5, as Defendant is presently unable to evaluate Plaintiff's cellphone use. This is caused by Plaintiff's own doing. Perhaps this prejudice would be minimized if Plaintiff were cooperating in discovery, but Plaintiff's resistance to producing highly relevant answers and responses undermines any argument Plaintiff might have for withdrawing the deemed admission. This also preempts any argument from Plaintiff that denial to RFAs would subserve the merits of the case—Plaintiff is obstructing Defendant from actually conducting discovery into the merits of the case.

Admissions to Requests Nos. 6 and 7 also subserve the merits of the case. Request No. 6 requests an admission that Plaintiff caused the accident. [Exh. E] Plaintiff's denial is nonsensical. This accident occurred when Plaintiff failed to properly stay in his lane of travel. [Doc. 30] Plaintiff caused this accident. Plaintiff's denial to Request No. 7 is also nonsensical. Defendant has produced a significant amount of logbooks which undermine Plaintiff's theory that he was being overworked. If Plaintiff is contending that he was driving over his hours of service, as contended in his Complaint, then it necessarily follows that Plaintiff was failing to properly maintain his logbooks if the logbooks do not reflect the excessive hours of service which Plaintiff contends. All of Defendant's RFAs should be deemed as admitted.

**B. Plaintiff erroneously cites to the excusable neglect standard, not the required good cause standard, and in any event fails to show both.**

Second, all of Plaintiff's objections to RFAs, ROGs, and RFPs should be stricken. Plaintiff's Motion argues for excusable neglect, but the applicable standard is good cause.[1]

---

[1] Rule 6(b) contemplates excusable neglect. "When an act may or must be done within a specified time, the court may, for good cause, extend the time… on motion made after the time has expired if the party failed to act because of excusable neglect." *See* Fed. R. Civ. P. 6 (b). However, discovery Rules and interpreting caselaw prescribe the heightened standard of good cause for objections pertaining to discovery.

Regardless, Plaintiff has already established a pattern of dilatory conduct in this matter, which even fails the lower excusable neglect standard. Plaintiff's initial disclosures were served late, and only after being prompted by Defendant. Plaintiff again cited to a calendaring error for this delay. [Exhibit F, emails dated August 13, 2024] Plaintiff is also late to file a Response to Doc. 39, which is related to the current briefing.[2] New Mexico Federal Courts have been particularly disinclined to find even excusable neglect in calendaring errors when a party establishes a pattern and practice of dilatory conduct by mis-calendaring deadlines. *See e.g. Taitt-Phillip v. Lockheed Martin Corp.*, No. CV 21-150 DHU/GBW, 2022 WL 1262217, at *6 (D.N.M. Apr. 28, 2022) ("[W]hen a calendaring error arises in the context of a party's pattern of dilatory conduct during discovery, courts are less likely to find that the error constitutes excusable neglect."); *Martinez v. Draim*, No. 18-CV-1098-JAP-KBM, 2018 WL 6788519, at *3 (D.N.M. Dec. 26, 2018) (declining to extend the deadline to file a notice of removal based on counsel's misinterpretations and calendaring errors); *Smith v. T. Marzetti Co.*, 2019 WL 4044024, at *3 (W.D. Ky. Aug. 27, 2019) (unpublished) (citation omitted) ("[E]ven under the less demanding 'excusable neglect' standard in Fed. R. Civ. P. 6(b)(1)(B), an attorney's calendaring error will not ordinarily support a favorable outcome."); *Candelaria v. Molina Healthcare, Inc.*, No. CV 18-725 WJ/GBW, 2019 WL 4643946, at *6 (D.N.M. Sept. 24, 2019) ("Indeed, most courts have declined to grant extensions in cases of "straightforward and unjustified attorney deadline mis-calendaring."); *Shorette v. Harrington*, 234 F. App'x 3, 4 (2d Cir. 2007) (unpublished) (citing *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 356 (2d Cir. 2003)) ("[T]he law office calendaring error Shorette blames for his failure to follow the local rules does not constitute 'excusable neglect' "); *O'Bryan v. Pier 1 Imps. (US), Inc.*,

---

[2] Plaintiff may have also just chosen to concede to Defendant's arguments in Doc. 39. *See* D.N.M.LR-Civ. 7.1(b).

2018 WL 1156515, at *2 (S.D. Cal. Mar. 5, 2018) (unpublished) (finding lack of diligence under Rule 16 where plaintiff missed deadline due to calendaring error); *Vieira v. CertusBank Nat'l Ass'n*, 516 B.R. 66, 75–76 (Bankr. D.S.C. 2014) (applying Rule 16(b)(4) and finding that a calendaring error does not constitute good cause); *Lucero v. Olivas*, 2015 WL 13658581, at *2 (D.N.M. Aug. 18, 2015) (unpublished) (finding defendants not diligent where they "failed, without explanation, to calendar the deadline until more than a month after it had expired"). Plaintiff's argument fails both the excusable neglect and the good cause standard. *See Candelaria*, 2019 WL 4643946, at *6 ("Although some of these opinions deal with excusable neglect rather than good cause, the Tenth Circuit has stated that good cause, even under Rule 6(b) is a *more* demanding standard than excusable neglect."). Plaintiff has made no effort to satisfy the correct test to withdraw his deemed admissions and Plaintiff has failed to show good cause to allow for his waived objections. Plaintiff's RFAs must be deemed admitted, and Defendant's ROGs and RFPs must be fully answered without objection.

### III.  CONCLUSION

Plaintiff's Motion does not cite to the correct standards. Rule 36(b) imposes a two-part test for withdrawing the deemed admissions, and asserting untimely objections requires a showing of good cause. Plaintiff makes no effort to satisfy either. Plaintiff has served initial disclosures and answers and responses to Defendant's first ROGs, RFPs, and RFAs. Both were late, both were only received after being prompted by Defendant, and the tardiness of both was blamed on a calendaring error. Plaintiff has already established a dilatory practice in this case. Defendant respectfully requests the Court order the imposed consequences of this: deemed admissions, waiver of all objections, and compelled complete responses.

WHEREFORE, Defendant Jorge Zuniga Isais d/b/a RVJ Transport respectfully requests that the Court enter an order overruling all of Plaintiff's objections to Defendant's RFAs, ROGs, and RFPs, and to deem admitted Defendant's RFAs Nos. 3, 4, 5, 6, 7, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Sky Willard*
Raúl P. Sedillo
Sky Willard
Jones, Skelton & Hochuli, P.L.C.
8220 San Pedro Dr NE, Suite 420
Albuquerque, New Mexico 87113
Telephone: (505) 339-3500
Facsimile:  (505) 339-3200
E-mail:    rsedillo@jshfirm.com
           swillard@jshfirm.com

*Attorneys for Defendant Jorge Zuniga Isais d/b/a RVJ Transport*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Jason F. DeSouza
Jorge L. Alvarez
DeSouza Injury Lawyers
4047 Naco Perrin Blvd. Suite 100
San Antonio, Texas 78230
Tel: (210) 714-4215
Fax: (210) 496-0060
jason@jfdlawfirm.com
jorge@jfdlawfirm.com
*Attorneys for Plaintiff*

Judd C. West
Julia Broggi
Holland & Hart LLP
110 North Guadalupe, Suite 1
Santa Fe, New Mexico 87501
Tel: (505) 988-4421
jcwest@hollandhart.com
jbroggi@hollandhart.com
*Attorneys for Defendant Sygma Network, Inc.*

Brian J. Fisher
J. Ashley Cummings
Mayer LLP
4101 Indian School Rd NE, Suite 301N
Albuquerque, NM 87110
Tel: (505) 483-1840
BFisher@mayerllp.com
ACummings@mayerllp.com
*Attorneys for Defendant Custom Pro Logistics, LLC*

/s/ *Sky Willard*
Sky Willard