EXHIBIT

D

SKY WILLARD
PHONE: (505) 339-3511
FAX: (505) 339-3200
SWILLARD@JSHFIRM.COM



JONES,
SKELTON &
HOCHULI, P.L.C.
JSHFIRM.COM

8220 SAN PEDRO DR NE
SUITE 420
ALBUQUERQUE, NEW MEXICO 87113
PHONE: (505) 339-3500
FAX: (505) 339-3200

RAÚL P. SEDILLO        PAUL R. BISHOP        FERNANDO C. PALOMARES        ALLISON M. BEAULIEU        CHRISTIE N. GETER
ASHLEY J. COOK         SCHUYLER WILLARD      ANDREW Q. VARAN

October 31, 2024

**VIA EMAIL**

Jorge L. Alvarez
Jeffery E. Pratt
DeSouza Injury Lawyer
4047 Naco Perrin Blvd.
San Antonio, Texas 78217
210/714-4215
jorge@jfdlawfirm.com
jpratt@jfdlawfirm.com

Re:    Juan Carlos Leon-Herrera v. Jorge Zuniga Isais d/b/a RVJ Transport et al.
Cause No. 2:24-cv-00153

Dear Mr. Alvarez and Mr. Pratt:

We are in receipt of Plaintiff's Answers to Interrogatories and Responses to Requests for Production, served on October 24, 2024. Please accept this correspondence as our good faith effort to resolve a discovery dispute absent court intervention.

**I.     Plaintiff has waived any objections because Plaintiff's objections were propounded untimely.**

Plaintiff has waived his objections to Defendant's first set of Interrogatories, Requests, for Production, and Requests for Admission because the objections were not timely served. *See* Fed.R.Civ.P. 33(b)(4) "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived…" The same standard applies to requests for production under Fed.R.Civ.P. 34. *See Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D.Kan.1996). Plaintiff has also waived his objections and denials to Defendant's Requests for Admission. [Doc. 39]

**II.    Even if Plaintiff's objections were served timely, Plaintiff's objections are still improper.**

Putting aside that Plaintiff has waived all his objections, Plaintiff's objections are nevertheless still improper.

# JONES, SKELTON & HOCHULI, P.L.C.

Page 2

### a. Plaintiff's Interrogatory Answers are deficient.

Plaintiff raises several frivolous and improper objections to Defendant's First Interrogatories. The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Information sought is relevant "if the discovery appears reasonably calculated to lead to discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Federal courts have held that the scope of discovery under rule 26 is broad. *See Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1520 (10th Cir.1995); *Sanchez v. Matta,* 229 F.R.D. 649, 654 (D.N.M.2004)(Browning, J.) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve full disclosure of all potentially relevant information."). The federal discovery rules reflect the courts' and Congress' recognition that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). As a result of this policy, rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case." *Anaya v. CBS Broad., Inc.,* 251 F.R.D. 645, 649–650 (D.N.M.2007)(Browning, J.)(internal quotation marks omitted).

Plaintiff raises frivolous objections to the following Interrogatories: Nos. 2, 3, 4, 5, 8, 10, 15, 16, 17, and 23.

INTERROGATORY NO. 2: State your full name, age, date of birth, address, occupation, Social Security number, driver's license number, your education, the complete address of places at which you have resided during the last ten (10) years and the dates of such residences, and the names and addresses of your spouse and any children or other person with whom you reside.

Plaintiff objects alleging "it requests Plaintiff to provide their social security number, which constitutes privileged information that, if released in a public document, could cause undue harm and invasion of Plaintiff's privacy and property rights. Additionally, Plaintiff objects to this interrogatory on the grounds that is seeks information that is not relevant, nor is the information sought likely to lead to the discovery of admissible evidence."

Plaintiff also answered that he does not have a social security number. Therefore, the first part of this objection is nonsensical. The entire request is wholly relevant to Plaintiff's claims for damages, as his identity, occupation, age, address, spouses, and children are all relevant to the claims Plaintiff is bringing in this lawsuit.

INTERROGATORY NO. 3: State the name and address of each employer you have had in the past five years to the present, the inclusive dates of employment, your job title and duties, your wages or salary, and the reason for the termination of your employment.

Plaintiff answered: Plaintiff objects to this interrogatory as it seeks information that is not proportionate to the needs of the case, irrelevant to any claim or defense, and not likely to lead to this discovery of admissible evidence. Plaintiff further objects to this interrogatory to the extent the information is equally available to the requesting party.

# JONES, SKELTON & HOCHULI, P.L.C.

Page 3

Plaintiff is raising a claim for lost earnings and lost earning capacity; therefore, his employers are relevant. Moreover, Plaintiff's employment status goes directly to the contributory negligence of Plaintiff.

INTERROGATORY NO. 4: List all civil lawsuits to which you have ever been a party, either as a plaintiff or a defendant, including in your answer (a) the style of the case; (b) the case number; (c) the court in which the suit was filed and (d) the outcome of each lawsuit. Your answer should include a description of any lawsuits regarding a worker's compensation claim.

Plaintiff answered: Plaintiff objects as overly broad. Plaintiff further objects as irrelevant to the claim or defense, and not likely to lead to the discovery of admissible evidence.

This Interrogatory goes directly to potential evidence impeachment against Plaintiff, as well as if he has claimed damages, and potential spousal privilege assertions Plaintiff may or may not be asserting.

INTERROGATORY NO. 5: Please describe in detail any and all incidents in which you have been cited, arrested, charged, indicted, or convicted of any crime or offense. Please include the date of citation, arrest, charge, indictment or conviction, a description of the underlying conduct giving rise to the citation, arrest, charge, indictment or conviction, location of the incident, and outcome or result of the citation, arrest, charge, indictment, or conviction.

Plaintiff answered: Plaintiff objects as overly broad. Plaintiff further objects as irrelevant to the claim or defense, and not likely to lead to the discovery of admissible evidence.

Plaintiff's objections are improper because potential citations, charges, indictments, or convictions go directly to potential impeachment evidence of Plaintiff.

INTERROGATORY NO. 8: Other than those persons identified in your answer to Interrogatory No. 7, please identify each and every health care provider that you have seen for any reason in the last ten (10) years. For each such provider identified, please describe the date of treatment, the treatment provided, and the reason for each such visit.

Plaintiff answered: Plaintiff objects to this interrogatory as overly broad. Plaintiff further objects as unduly burdensome as it constitutes a fishing expedition as to Plaintiff's entire medical history without any limitations in scope or areas that were injured as a result of the collision.

Plaintiff's objections are improper because the Interrogatory is limited in time and Plaintiff has put his physical and mental wellbeing into controversy through litigation.

INTERROGATORY NO. 10: Please identify any and all health care providers, insurance companies, attorneys, government agencies, and any other person, firm, or company which may

# JONES, SKELTON & HOCHULI, P.L.C.

Page 4

have or has asserted any lien, indemnity right, or subrogated interest in connection with the subject incident, the care and/or treatment provided, and the injuries allegedly resulting therefrom.

Plaintiff answered: Plaintiff objects to this interrogatory as it constitutes an unwarranted invasion of privacy. Plaintiff further objects to this interrogatory as it seeks information that is irrelevant and not likely to lead to this discovery of admissible evidence. Specifically, the only issue relevant to medical billing is whether the amount paid or owed is reasonable. How or when the medical provider receives payment is not relevant to whether the paid or owed amount is reasonable and also constitutes a collateral source.

Plaintiff's objections are improper because the collateral source is not a blanket prohibition against discovery of this kind of information.

INTERROGATORY NO. 15: Please state the name and address of each person who has made a statement to you, your attorney or an investigator on your behalf since the accident with reference to how the accident occurred, or with reference to your injuries sustained in the accident. As to any such statement or statements, please state the time and place of the statement, the name and address *LEON-HERRERA, Juan Carlos – Plaintiff's Answers to Rog's (jlp) Page **10** of **12*** of any other person present, the substance of each such statement, and the identity
of the person making the statement.

Plaintiff answered: Plaintiff objects to this interrogatory as overly broad. Plaintiff further objects to the extent the requested information is equally available to the requesting party or not discoverable based on attorney work product. Subject to and without waiving the foregoing objections, none.

Plaintiff's objections are improper because statements made to Plaintiff or his attorneys regarding how the accident occurred or referencing Plaintiff's injuries are properly narrowed to relevant and discoverable statements. Additionally, statements do not constitute attorney work product. Moreover, if Plaintiff is claiming a privilege, Plaintiff must contemporaneously produce a privilege log indicating the basis for the claimed privilege. Plaintiff has not done so.

INTERROGATORY NO. 16: Please describe any statement that you have given to anyone (other than your attorneys) regarding the incident that is the subject of this lawsuit, the injuries alleged, and/or the lawsuit. For each such statement, please identify the date of each statement, whether the statement is recorded, handwritten, typed, or transcribed and indicate to whom each statement was given and their address.

Plaintiff answered: Plaintiff objects to this interrogatory as overly broad. Plaintiff further objects to the extent the requested information is equally available to the requesting party. Subject to and without waiving the foregoing objections, none other than those I have made to attorneys and the officers at the scene.

# JONES, SKELTON & HOCHULI, P.L.C.

Page 5

Plaintiff's objections are improper because statements given by Plaintiff regarding the accident is sufficiently narrowed to statements related to the accident. Moreover, these statements do not constitute attorney work product. Additionally, if Plaintiff is claiming a privilege, Plaintiff must contemporaneously produce a privilege log indicating the basis for the claimed privilege. Plaintiff has not done so.

INTERROGATORY NO. 17: Please state the name, address, telephone number of any person, whom you believe has, or purports to have, any knowledge or information pertaining to the circumstances of the accident and damages alleged in your Complaint and state, insofar as you know, the nature of such knowledge or information.

Plaintiff answered: Plaintiff objects to this interrogatory as overly broad. Plaintiff further objects to the extent the requested information is equally available to the requesting party. Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to Plaintiff's 26(a)(1) Initial Disclosures for the answer to this interrogatory.

INTERROGATORY NO. 23: State any and all social media accounts you have and provide the username or handle.

Plaintiff answered: Plaintiff objects to this interrogatory as seeks information that is not proportionate to the needs of the case, not limited in time or scope, irrelevant to claim or defense, and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, I don't have any social media accounts other than WhatsApp.

Plaintiff's social media accounts are discoverable information as any statements potentially made by Plaintiff on social media platforms are discoverable. Moreover, whether Plaintiff was on his phone at or around the time of the accident is relevant to this matter and access to social media platforms addresses this.

b. **Plaintiff's responses to Defendant's Requests for Production are deficient.**

Plaintiff raises frivolous objections to the following Requests for Production: Nos. 2, 3, 18, 19, 20, 21, 22, 25.

Requests Nos. 2 and 3 seeks documentation pertaining to medical treatment Plaintiff is alleging he received as a result of the accident. Plaintiff's objection as overly broad is frivolous as the Request is limited to documentation directly related to the accident and Plaintiff's alleged damages.

Request No. 18 requests the execution of an employment release. Plaintiff is making a claim for lost wages and lost future earnings, therefore Plaintiff has put his employment at issue. Defendant is therefore entitled to independently obtain Plaintiff's employment records. Moreover, Plaintiff's objection that the Request is not limited in time is inaccurate, the Request is limited from 2019 to present.

# JONES, SKELTON & HOCHULI, P.L.C.

Page 6

Request No. 19 requests the execution of Plaintiff's cell phone records. Plaintiff's phone use is relevant to the accident as it directly goes to Plaintiff's comparative fault. Plaintiff has put this in controversy through litigation, therefore Plaintiff's objection that the Request is an invasion of his privacy is frivolous. Moreover, Plaintiff's objection that the Request is not limited in time is incorrect—the Request is narrowly limited from January 5, 2024 to January 8, 2024.

Request No. 20 requests the execution of a release for Plaintiff's Social Security Earnings from the years 2019 to the present. Plaintiff frivolously cites to the Texas Rule of Civil Procedure 192.3(a)(b) as grounds for objecting. Texas Rule of Civil Procedure 192.3(a)(b) does not apply to the present case. Plaintiff has put his earnings in controversy by claiming lost future earnings, and therefore Plaintiff's reported social security earnings are relevant.

Request No. 21 requests contracts between Plaintiff, his medical providers, or other entities concerning financial payments for Plaintiff's medical treatment. Potential contractual agreements between Plaintiff, his medical providers, or other entities is relevant to the case as it could provide impeachment evidence against Plaintiff, his medical providers, or other parties.

Request No. 22 requests the exhibits that Plaintiff may introduce as an exhibit at trial. Plaintiff objected as overly broad. Exhibits which Plaintiff will present are discoverable and are not overly broad.

Request No. 25 requests texts between Jorge Zuniga and Plaintiff. These texts are not overly broad, as the preservation of communications between Jorge Zuniga and Plaintiff are relevant to this case.

Plaintiff's objections to Defendant's Interrogatories, Requests for Production, and Requests for Admission are waived. Defendant's Requests for Admission are deemed admitted. *See* [Doc. 39] Moreover, Plaintiff's objections are frivolous. Please remove all objections and fully answer Defendant's written discovery by November 8, 2024 to avoid Court intervention.

Sincerely,

Sky Willard
Raúl P. Sedillo
For the Firm

RPS/SW