UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| JUAN CARLOS LEON-HERRERA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BAR-S FOODS CO. D/B/A SIGMA-FOODS AND JORGE ZUNIGA ISAIS D/B/A RVJ TRANSPORT,<br><br>　　　　Defendants. | NO. 2:24-CV-00153-MIS-GJF |

**DEFENDANT JORGE ZUNIGA ISAIS D/B/A RVJ TRANSPORT'S
MOTION TO STRIKE PLAINTIFF'S OBJECTIONS AND COMPEL COMPLETE
DISCOVERY ANSWERS AND RESPONSES**

COMES NOW Defendant Jorge Zuniga Isais d/b/a RVJ Transport (hereinafter "RVJ" or "Defendant"), by and through his attorneys, Jones, Skelton & Hochuli, P.L.C. (Raúl P. Sedillo and Sky Willard), and bring the present Motion to Compel pursuant to Fed. R. Civ. P. 37(a). Specifically, Defendant respectfully requests that the Court enter an Order striking Plaintiff's objections to Defendant's First Set of Interrogatories, Requests for Production, and Requestions for Admission, and compelling Plaintiff to provide complete Answers and Responses.[1]

Pursuant to D.N.M.LR-Civ. 7.1(a), Plaintiff's concurrence on this Motion was sought. Plaintiff opposes the relief requested herein.

---

[1] Defendant is also requesting Defendant's First Set of Requests for Admission all be deemed admitted, and all objections therein waived. This is addressed in Doc. 39 and Doc. 40. Both documents are incorporated by reference pursuant to Rule 10(c). *See* Fed. R. Civ. P. 10(c).

117719509.1

## I.    INTRODUCTION

This matter arises from a motor vehicle accident which occurred on or about January 7, 2024. [Doc. 30 at 3.4] Plaintiff alleges that he fell asleep while driving, veered off road, then struck a cable barrier and resultantly suffered severe injuries. [*Id.* at 3.6]

On December 5, 2024, Plaintiff served Defendant with Plaintiff's First Amended Responses and/or Objections to Defendant Jorge Zuniga Isais's Requests for Production and Interrogatories. *See* [Exhibit A, Responses to Requests for Production] [Exhibit B, Answers to Interrogatories] Plaintiff's Amended Answers and Responses rectify many of the issues outlined in Defendant's good-faith correspondence dated October 31, 2024. [Exhibit B, good-faith correspondence dated October 31, 2024] However, Plaintiff still refuses to execute releases for his employment records, his cell phone records, and for his social security earnings. Although Plaintiff states he is amenable to conferring to producing unobjectionable and discoverable information and documentation for two of the three releases Defendants need, Defendant files the present Motion to preserve the arguments herein (Defendant's deadline to file this Motion is December 9, 2024).[2] *See* [Exhibit B] [Doc. 49]

## II.    STANDARD OF REVIEW

"Federal courts have held that the scope of discovery under rule 26 is broad." *Benavidez v. Sandia Nat'l Laboratories*, 319 F.R.D. 696, 713 (D.N.M. 2017). *See also Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004) (Browning, J.) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information."). Defendant recognizes "broad discovery is not without limits" and this

---

[2] Counsel for Plaintiff and Defendants intend on conferring on December 10, 2024 in an effort to resolve these issues without Court intervention.

Court, "is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). However, "[t]he federal discovery rules reflect the courts' and Congress' recognition that 'mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" *Benavidez* at 713 (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

"Rule 37 provides enforcement mechanisms for rule 34." *Benavidez*, 319 F.R.D. 696, at 719. *See* Fed. R. Civ. P. 37(a)(3)(A)–(B) ("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."). Furthermore, "[i]f a party refuses to produce documents through proper discovery, a defendant <u>should</u> move to compel production pursuant to rule 37." *Benavidez*, at 719 (emphasis added). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Finally, "when a party is compelled to provide discovery, or provides the discovery only after a motion to compel has been filed against it, rule 37(a)(5) requires the court to order the responding party to pay the movant's reasonable expenses incurred in filing the motion." *Benavidez*, at 719–20.

### III. ARGUMENT AND ANALYSIS

The purpose of discovery is to "make a trial less a game of blind man's b[l]uff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Procter & Gamble Co.*, 256 U.S. 677, 682, 78 S.Ct. 983 (1958) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)); *see also Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials."). "Mutual knowledge of

3

all the relevant facts gathered by both parties is essential to proper litigation." *Hickman*, 329 U.S. at 495. Therefore:

> [W]hen the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Federal Rules of Civil Procedure 26 (b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.

*Roybal v. United States*, 2014 WL 12597405 *1 (D.N.M. April 3, 2014) (internal citations and quotations omitted). Moreover, the "objecting party has the burden to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules." *Hart v. Correction Corp. of Am.*, 2013 WL 12212324 *1 (D.N.M. April 18, 2013) (internal citations and quotations omitted).

### A. Plaintiff has waived any objections to Defendant's ROGs, RFPs, and RFAs because Plaintiff's objections were propounded untimely.

Plaintiff has waived his objections to Defendant's first set of Interrogatories, Requests for Production, and Requests for Admission because the objections were not timely served. *See* Fed. R. Civ. P. 33(b)(4) ("[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived…"). The same standard applies to requests for production under Rule 34. *See Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D.Kan.1996). Plaintiff has also waived his objections and denials to Defendant's Requests for Admission. [Docs. 39 and 40] Notwithstanding the blanket waiver of all of Plaintiff's objections, Plaintiff's objections are nevertheless still improper through an individual review.

### B. Plaintiff's objections to producing executed releases are frivolous.

Defendant takes issue with the objections Plaintiff has continued to raise to Defendants' Requests for Production Nos. 18, 19, and 20. [Exhibit B]

4

REQUEST FOR PRODUCTION NO. 18: Please execute and return the enclosed release for your employment records from the years 2019 to the present.

Plaintiff's objections: Plaintiff objects to this request and producing this authorization as it is not limited in time and scope. Further, Plaintiff objects to this request as it is not relevant, may include private and privileged information.

First Amended 12/05/2024 Response: Plaintiff objects to this request and producing this authorization as it is not limited in time and scope. Further, Plaintiff objects to this request as it is not relevant, may include private and privileged information. Counsel agrees to confer with opposing counsel to attempt to agree to producing unobjectionable and discoverable information and documentation.

Plaintiff is making a claim for lost wages and lost future earnings, therefore Plaintiff has put his employment at issue. Defendant is therefore entitled to independently obtain Plaintiff's employment records. Plaintiff's employment is also relevant to Plaintiff's theory of liability and Defendant's defenses related to the same. For instance, Plaintiff's allegations are essentially that he was overworked. This claim would be wholly undermined if Plaintiff had additional contemporaneous employment during his employment with Defendant, especially if Defendant failed to disclose it to his employer and during this lawsuit. Moreover, Plaintiff's objection that the Request is not limited in time is wrong—the Request is limited from 2019 to present. Notably, while Plaintiff states he is amenable to producing unobjectionable or discoverable information and documentation, Plaintiff has 1) lost his objections by failing to timely assert them, and 2) failed to provide any proposal for the release. Plaintiff's objections should be stricken, and Plaintiff should be required to execute the sufficiently narrowed employment release.

REQUEST FOR PRODUCTION NO. 19: Please execute and return the enclosed release for your cellular telephone records from January 5, 2024 to January 8, 2024.

Plaintiff's objections: Plaintiff objects to this request and producing the authorization as it is not limited in time and scope. Further, Plaintiff objects to this request as it is an invasion of privacy.

First Amended 12/05/2024 Response: Plaintiff objects to this request and producing the authorization as it is not limited in time and scope. Further, Plaintiff objects to this request

5

as it is an invasion of privacy. Counsel agrees to confer with opposing counsel to attempt to agree to producing unobjectionable and discoverable information and documentation.

Plaintiff's phone use is relevant to the accident as it directly goes to Plaintiff's comparative fault. Plaintiff has put this in controversy through litigation, therefore Plaintiff's objection that the Request is an invasion of his privacy is frivolous. Moreover, Plaintiff's objection that the Request is not limited in time is incorrect—the Request is very narrowly limited from January 5, 2024 to January 8, 2024. Obviously, if Plaintiff was using his phone at the time of the accident it undermines his claims that he fell asleep while driving, as would evidence of Plaintiff continuously using his phone while driving, thereby necessitating records for the days preceding the accident. Further, Plaintiff has claimed that his phone was lost in the accident, which would be undermined by subsequent calls made after the accident. Therefore, the release is sufficiently narrowed to relevant information. Notably, while Plaintiff states he is amenable to producing unobjectionable or discoverable information and documentation, Plaintiff has 1) lost his objections by failing to timely assert them, and 2) failed to provide any proposal for the release. Plaintiff's objections should be stricken, and Plaintiff should be required to execute the sufficiently narrowed cellphone release.

> REQUEST FOR PRODUCTION NO. 20: Please execute and return the enclosed release for your Social Security Earnings records from the years 2019 to the present.
>
> Plaintiff's objections: Plaintiff objects the authorization at issue as being beyond the permissible scope of discovery pursuant to Texas Rule of Civil Procedure 192.3(a)(b). The authorizations would not only allow Defendant to obtain documentary evidence, but would further permit Defendant, counsel, agents, employees, and/or representative to engage in ex-parte communications with the parties to whom the authorization is submitted. Such a request is improper under Texas Rule of Civil Procedure 192.3(a)(b), and would violate the privacy interests and privileges maintained by Plaintiff in any information that could be divulged pursuant to the authorization.
>
> First Amended 12/05/2024 Response: Plaintiff objects the authorization at issue as being beyond the permissible scope of discovery. The authorizations would not only allow Defendant to obtain documentary evidence, but would further permit Defendant, counsel,

agents, employees, and/or representative to engage in ex-parte communications with the parties to whom the authorization is submitted. Such a request is improper under discovery rules and would violate the privacy interests and privileges maintained by Plaintiff in any information that could be divulged pursuant to the authorization.

Plaintiff's initial and amended objections are frivolous. Plaintiff provides no authority nor argument for objecting to a subpoena on the grounds that it allows "Defendant to obtain documentary evidence" or engage in ex-parte communications with the parties to whom the authorization is submitted. Defendants are entitled to discover, and indeed obtain, documents through subpoenas. *See* Fed. R. Civ. P. 45. Defendants are, generally, allowed to engage in these conversations as part of their factual investigation for the lawsuit. Defendants will, of course, comply with Rule 45 in issuing the Subpoena, which includes sharing any responsive documentation or information with Plaintiff upon receipt of the documentation or information. A Social Security Earnings release allows Defendants to ascertain Plaintiff's true employers for the given time frame. As discussed above, Plaintiff's employers and employment are relevant not only for Plaintiff's claims of lost earnings, but also for comparative fault. Finally, Plaintiff has waived this objection by failing to timely submit it. Plaintiff's objections should be stricken, and Plaintiff should be required to execute the sufficiently narrowed Social Security Earnings release.

## IV.   CONCLUSION

Defendant has made multiple good faith efforts to resolve the Parties' discovery dispute pursuant to Fed. R. Civ. P. 37(a)(1). Despite such good faith efforts, Plaintiff continues to fail to produce releases, thereby hindering Defendant's factual investigation. Due to Plaintiff's failure to provide necessary information and documentation, Defendant is unable to adequately analyze Plaintiff's claims and damages, and Defendant is hindered in properly defending against Plaintiff's claims. Defendant respectfully requests that the Court enter an Order striking Plaintiff's objections and compelling Plaintiff to supplement his discovery with complete Answers and Responses.

WHEREFORE, Defendant Jorge Zuniga Isais D/B/A RVJ Transport respectfully request that the Court enter an Order compelling Plaintiff to supplement his answers and responses to Request for Production Nos. 18, 19, and 20, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Sky Willard*
Raúl P. Sedillo
Sky Willard
Jones, Skelton & Hochuli, P.L.C.
8220 San Pedro Dr NE, Suite 420
Albuquerque, New Mexico 87113
Telephone: (505) 339-3500
Facsimile:  (505) 339-3200
E-mail:     rsedillo@jshfirm.com
            swillard@jshfirm.com

*Attorneys for Defendant Jorge Zuniga Isais d/b/a RVJ Transport*

117719509.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Jason F. DeSouza
Jorge L. Alvarez
DESOUZA INJURY LAWYERS
4047 Naco Perrin Blvd. Suite 100
San Antonio, Texas 78230
Tel: (210) 714-4215
Fax: (210) 496-0060
jason@jfdlawfirm.com
jorge@jfdlawfirm.com
*Attorneys for Plaintiff*

Judd C. West
Julia Broggi
HOLLAND & HART LLP
110 North Guadalupe, Suite 1
Santa Fe, New Mexico 87501
Tel: (505) 988-4421
jcwest@hollandhart.com
jbroggi@hollandhart.com
*Attorneys for Defendant Sygma Network, Inc.*

Brian J. Fisher
J. Ashley Cummings
MAYER LLP
4101 Indian School Rd NE, Suite 301N
Albuquerque, NM 87110
Tel: (505) 483-1840
BFisher@mayerllp.com
ACummings@mayerllp.com
*Attorneys for Defendant Custom Pro Logistics, LLC*

/s/ *Sky Willard*
Sky Willard

117719509.1