IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN CARLOS LEON-HERRERA,

     Plaintiff,

v.                                      Case No. 2:24-cv-00153-MIS/GJF

JORGE ZUNIGA ISAIS d/b/a RVJ
TRANSPORT; CUSTOM PRO
LOGISTICS, LLC; THEY SYGMA
NETWORK, INC.; AND CAL FRESCO,
LLC.

     Defendant.

## DEFENDANT CUSTOM PRO LOGISTICS, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

Defendant, Custom Pro Logistics, LLC ("Defendant" or "Custom Pro"), by and through its counsel of record, Mayer LLP (Brian J. Fisher and J. Ashley Cummings), submits this Response in Opposition to Plaintiff's Motion for Leave to Amend First Amended Complaint and states the following:

## I.    INTRODUCTION

In the present lawsuit, Plaintiff, Juan Carlos Leon-Herrera ("Plaintiff") – a professional truck driver – seeks damages for claimed personal injuries sustained in a single-vehicle over-the-road incident in which he is believed to have fallen asleep behind the wheel. Plaintiff originally brought the present lawsuit on February 14, 2024, against (1) the alleged shipper of the load Plaintiff was carrying at the time of the underlying incident, Defendant, Bar-S Foods Co d/b/a Sigma Foods ("Sigma"), and (2) Plaintiff's employer and owner of the truck he was driving at the time of the

underlying incident, Defendant, Jorge Zuniga Isais d/b/a RVJ Transport ("Defendant Zuniga"). [Doc. 1] Six months after filing suit, on August 6, 2024, Plaintiff filed a Motion for Leave to Amend his complaint, stating that Defendant Zuniga produced the bill of landing relating to the subject accident which "allowed Plaintiff to identify the appropriate parties." [Doc. 26] Plaintiff's First Amended Complaint brought claims against several new parties, including Custom Pro, in its capacity as a federally licensed freight broker. [Doc. 30] Custom Pro then filed its Motion to Dismiss the claims asserted against it on October 25, 2024. [Doc. 41]

Only after being faced with possible dismissal of the claims asserted against Custom Pro did Plaintiff move (on the same date his Response to Custom Pro's Motion to Dismiss was due) to amend his operative Complaint for a second time in order to now allege that Custom Pro was acting as a motor carrier, and in complete contradiction to the First Amended Complaint alleging that Custom Pro was acting as a freight broker. [Doc. 52] In doing so, Plaintiff admits in Plaintiff's Motion for Leave to Amend First Amended Complaint (the "Motion for Leave") that he seeks to amend his First Amended Complaint "[a]fter reviewing Defendant's Motion" to add allegations that Custom Pro was acting as a motor carrier and Defendant Zuniga was a statutory employee and/or agent of Custom Pro. [Doc. 52 at ¶ 6]  Plaintiff's basis to add these allegations is purportedly as the result of "additional discovery and investigation," with no specific explanation. [Doc. 52 at ¶ 3]

After a review of the new allegations made by Plaintiff in his proposed Second Amended Complaint, it is clear that Plaintiff possessed the document he claims

supports the new allegations that Custom Pro operated as a motor carrier in relation to the alleged accident such that the new allegations could have been asserted as early as August of 2024. Plaintiff's proposed Second Amended Complaint includes several new factual allegations that reference the "Bill of Lading." [Doc. 52-1 at ¶¶ 3.6, 3.7, 3.8] However, Plaintiff himself claimed this document was produced to him by Defendant Zuniga prior to August 6, 2024, and was the very document that supported his initial Motion for Leave to Amend. [Doc. 26 at ¶ 3] It is abundantly clear that Plaintiff possessed the evidence he claims forms the basis for his new allegations that Custom Pro was operating a motor carrier before filing his First Amended Complaint, but did not include the contradictory allegations he now seeks to amend his Complaint to add.

As a result, it follows logically that Plaintiff's reference to this "evidence" is solely for the purpose to maintain its frivolous claims against Custom Pro. Therefore, Plaintiff's Motion for Leave should be denied as it seeks to unduly prejudice Custom Pro and was untimely filed based on materials it has possessed since before the first claims against Custom Pro were asserted. *See Glass v. XTO Energy Inc.,* 2022 WL 17475489, at *3 (D.N.M. Dec. 6, 2022) (concluding that a court should deny a motion to amend with plaintiff seeks to "make the complaint a moving target"); *see also Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (stating that when a party seeks to amend a complaint based on facts it knew or should have known when filing a prior complaint, "the motion to amend is subject to denial").

## II.    ARGUMENT AND AUTHORITY

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading when not as a matter of course "only with the opposing party's written consent or the court's leave." It is within the Court's discretion to deny a motion to amend upon a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Lane v. Page*, 727 F. Supp. 2d 1214, 1225 (D.N.M. 2010). Courts have interpreted circumstances that justify denial of a motion to amend as instances where plaintiff's amendments made the complaint "a moving target" and when plaintiff was aware or should have been aware of all the information on which the proposed amendment is based before the filing of an earlier complaint. *Id.; Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994). Courts have held that it is unreasonable to expect a defendant to continually adapt to address plaintiff's new theories of liability against it. *Mayfield v. Garcia*, 2017 WL 3149358, at *3 (D.N.M. June 2, 2017).

### A.    Plaintiff's Motion for Leave is unduly prejudicial to Custom Pro and constitutes an undue delay such that denial is proper.

Plaintiff's Motion for Leave is properly denied for two reasons. First, Custom Pro will be unduly prejudiced by being forced to address Plaintiff's new and substantially altered claims against it, namely that Custom Pro was acting as both a motor carrier and a freight broker with respect to the alleged accident. Second, Plaintiff's Second Amended Complaint is seemingly based primarily on "additional evidence" Plaintiff possessed at the time he filed his First Amended Complaint. [Doc. 52 at ¶ 3] While either one of the bases for denying Plaintiff's Motion for Leave could

be the sole basis for denial, the combination of the two provides this Court with a strong foundation for denying Plaintiff's Motion for Leave.

Plaintiff's Motion for Leave undoubtedly attempts to prevent the dismissal of Plaintiff's claims against Custom Pro by moving the target on the basis for those claims. Plaintiff admits as much when stating that it seeks to amend "[a]fter reviewing Defendant [Custom Pro's Motion to Dismiss]." [Doc. 52 ¶ 6] Plaintiff's position as to Custom Pro's alleged relationship to the underlying incident that forms the basis of this lawsuit as asserted in the Motion for Leave and proposed Second Amended Complaint is vastly different than that which was presented by Plaintiff in the First Amended Complaint. For the first time, Plaintiff claims that Custom Pro "certified" that it was acting as a motor carrier and "legally bound itself" to complete the transportation of the load. [Doc 52-1 at ¶¶ 3.6, 3.7, 3.8] It is worth noting that Plaintiff added these allegations while still maintaining his claims that Defendant Cal Fresco hired Defendant Zuniga "through a third-party broker, Defendant Custom Pro" and that "Defendant Custom Pro brokered the trips with Cal Fresco and/or Sygma on behalf of Zuniga." [Doc. 52-1 at ¶¶ 3.1, 4.8] Further, it is clear that Plaintiff's Motion to Amend seeks to materially modify its claims against Custom Pro and the alleged basis for the same solely to avoid dismissal which is warranted due to federal preemption through 49 U.S.C. § 14501(c)(1). This practice should not be permitted by the Court as it is unduly prejudicial to Custom Pro to be forced to materially shift its defenses to address the moving target of Plaintiff's Complaint. Thus, this Court may properly deny Plaintiff's Motion for Leave based on the same.

*Lane v. Page*, 727 F. Supp. 2d 1214, 1225 (D.N.M. 2010).

Plaintiff's Motion for Leave is also untimely as Plaintiff was already in possession of the "additional evidence" relied upon to draft his Second Amended Complaint before the filing of the First Amended Complaint. As asserted in Plaintiff's prior Motion for Leave filed on August 6, 2024, the basis for the filing was that it identified other parties as a result of Defendant Zuniga's production of the bill of landing. [Doc. 26 at ¶ 3] However, almost three months later, Plaintiff uses the same document as the basis for many of the new allegations contained in Plaintiff's proposed Second Amended Complaint which also reference the "Bill of Lading." [Doc. 52-1 at ¶¶ 3.6, 3.7, 3.8] Plaintiff should not be permitted to continually cite the same materials as the basis for materially altering the claims asserted against Custom Pro. Plaintiff had the information and the opportunity to assert claims based on the contention that Custom Pro was operating as a motor carrier prior to August of 2024, but failed to do so. As a result, he should not be permitted to again amend his pleading to make new allegations contradictory to those alleged against Custom Pro in the First Amended Complaint. Therefore, this Court may properly deny Plaintiff's Motion for Leave as untimely given its knowledge of the purportedly supportive materials before filing an earlier complaint. *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994).

## III.    CONCLUSION

Defendant, Custom Pro Logistics, LLC, respectfully requests that the Court deny Plaintiff's Motion for Leave to Amend First Amended Complaint as it is

untimely and will unduly prejudice Defendant, Custom Pro Logistics, LLC.

Respectfully submitted,

**MAYER LLP**

By:   */s/ Brian J. Fisher*
Brian J. Fisher
J. Ashley Cummings

4101 Indian School Rd NE, Suite 301N
Albuquerque, New Mexico 87110
Telephone:  505.483.1840
Facsimile:  505.483.1841
Email:       BFisher@mayerllp.com
                ACummings@mayerllp.com

*Attorneys for Defendant Custom Pro Logistics, LLC*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on December 31, 2024, a true and correct copy of the foregoing was forwarded to the following counsel of record via CM/ECF and electronic mail pursuant to Federal Rule of Civil Procedure 5:

Jason F. DeSouza                     jason@jfdlawfirm.com
Jorge L. Alvarez                     jorge@jfdlawfirm.com
DeSouza Injury Lawyers
4047 Naco Perrin
San Antonio, Texas 78217


Raúl P. Sedillo                      rsedillo@jshfirm.com
Sky Willard                          swillard@jshfirm.com
Jones, Skelton & Hochuli P.L.C.
8220 San Pedro Drive NE, Suite 420
Albuquerque, New Mexico 87113


Judd C. West                         jcwest@hollandhart.com
Julia Broggi                         jbroggi@hollandhart.com
Holland & Hart LLP
110 N. Guadalupe, Suite 1
Santa Fe, New Mexico 87501


By:    __/s/ Brian J. Fisher__
       Brian J. Fisher