# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JUAN CARLOS LEON-HERRERA,

     *Plaintiff,*

v.                                                            Cause No. 2:24-cv-00153-MIS-GJF

BAR-S FOODS CO. d/b/a SIGMA FOODS;
JORGE ZUNIGA ISAIS d/b/a RVJ TRANSPORT;
CUSTOM PRO LOGISTICS, LLC; THE SYGMA
NETWORK, INC.; and CAL FRESCO, LLC,

     *Defendants.*

## SPECIALLY-APPEARING[1] DEFENDANT CAL FRESCO, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant Cal Fresco, LLC ("Cal Fresco"), specially appearing herein by and through its attorneys of record RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A. (Seth L. Sparks and B. W. Stone), moves to dismiss all claims against it for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Prior to filing the instant Motion, and in compliance with D.N.M.LR-Civ. 7.1, undersigned sought the concurrence of all counsel. Plaintiff's counsel did not respond; undersigned presume opposition.  Co-defense counsel Jones Skelton & Hochuli, PLC approve of the motion on behalf of defendant Jorge Isais d/b/a RVJ Transport. Remaining defense counsel did not respond.

## **Factual background**

As pleaded by Plaintiff in his operative (First Amended) Complaint, this case arises from a single-vehicle wreck which occurred when Plaintiff literally "fell asleep at the wheel." [ECF 030, ¶ 3.6] The commercial motor vehicle Plaintiff was driving in admitted violation of federal

---

[1] Cal Fresco LLC specially appears herein solely to contest the existence of personal jurisdiction, and does not by so appearing concede or waive any argument concerning the propriety of the exercise of such jurisdiction.

regulations limiting on-duty hours overturned, resulting in injuries for which Plaintiff now seeks to point the finger at others. [ECF 030, ¶¶ 3.1-3.15] Cal Fresco finds itself caught in allegations that others are responsible for the foreseeable consequence of Plaintiff's own negligence *per se* and failure to comply regulations that are binding on him as commercial motor vehicle driver.

Cal Fresco is not a trucker, a motor carrier, a broker, or even a load consolidator. Cal Fresco consigned a load of fresh produce to Custom Pro Logistics, LLC, which in turn brokered the load to third-party carrier Jorge Zuniga, d/b/a R.V.J. Transport; R.V.J. Transport hired Plaintiff, at third remove, to drive the CMV hauling the trailer containing Cal Fresco's shipment. Cal Fresco's only connection with the wreck at issue was to consign the shipment in California. Custom Pro, R.V.J. Transport, and Plaintiff took the load from there.

Cal Fresco has no physical presence in New Mexico; it has no employees, agents, offices, facilities, or other assets in the state. Cal Fresco does not market itself in New Mexico, nor does it contract to deliver loads to or from New Mexico. In short, Cal Fresco has no contacts with New Mexico in general, nor any specific contacts with New Mexico giving rise to the wreck in this case. This Court therefore lacks personal jurisdiction over Cal Fresco. Even if the Court had jurisdiction over Cal Fresco, exercising such jurisdiction would offend traditional notions of fair play and substantial justice. Accordingly, Cal Fresco must be dismissed from the case entirely.

**Jurisdictional facts**

1.     Cal Fresco is a Delaware limited-liability company with its principal place of business in Anaheim, Orange County, California. (Affidavit of Michael Sanders (the "Affidavit"), ¶ 3).

4649199v1

2.      The managing (and only) member of Cal Fresco is a separate Delaware limited-liability company: LF Intermediate Holdings, LLC, which has its principal place of business in Evanston, Cook County, Illinois. (*Id.*, ¶ 4).

3.      Cal Fresco is not registered to do business in New Mexico and has no agent for service of process in New Mexico. (*Id.*, ¶ 6).

4.      Cal Fresco has no offices, employees, agents, real or personal property, or assets of any kind in New Mexico. Nor does Cal Fresco market itself to potential customers in New Mexico. (*Id.*, ¶ 7).

5.      . Cal Fresco does not itself transport or deliver any of the goods that it sells in interstate commerce. (*Id.*, ¶ 9).

6.      For interstate deliveries, Cal Fresco relies upon the services of  third-party shippers, who in turn arrange for the shipment and delivery of goods, to deliver the fresh produce the wholesaling of which is Cal Fresco's only business. (*Id.*, ¶¶ 8-10).

7.      Cal Fresco does not itself transport shipments outside the state of California. Cal Fresco also does not choose drivers, select routes, or mandate stops which carriers must, may, or may not make between pick-up and drop-off of out-of-state shipments Instead, Cal Fresco is dependent upon its shipper, or the carriers with whom the shipper contracts, to arrange for and deliver shipments consigned by Cal Fresco. (*Id.*, ¶ 10).

8.      On January 8, 2024, Cal Fresco consigned a shipment to load-broker Custom Pro Logistics. (*Id.*, ¶ 12; *id.,* Exh. B.) The consignment was for the shipment of listed produce from Cal Fresco in Anaheim to a purchaser in San Antonio, Texas. (*Id.*) Custom Pro Logistics accepted the consignment, over which Cal Fresco had no further control.

9.    Cal Fresco was not involved in selecting Jorge Zuniga as carrier or Plaintiff as driver, nor was Cal Fresco involved in selecting the route taken or otherwise directing or monitoring his driving activities. In particular, Cal Fresco was not involved in any way in the decision to travel through New Mexico.(*Id.*, ¶ 13).

## ARGUMENT

### 1.  Fed. R. Civ. P. 12(b)(2) and Principles of Personal Jurisdiction

#### a.  Fed. R. Civ. P. 12(b)(2)

Motions under Fed. R. Civ. P. 12(b)(2) test both the facts supporting personal jurisdiction and the legality of exercising personal jurisdiction. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 153054 (2nd Cir. 1999). Plaintiffs bear the burden of establishing both that the court has personal jurisdiction over the challenging defendant and that exercising that jurisdiction would not violate due process. *See Overton v. United States*, 925 F.2d 1282, 1283 (10th Cir. 1991); *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). Federal courts with diversity jurisdiction have personal jurisdiction over nonresident defendants to the extent allowed by the forum state and by due process. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). New Mexico allows personal jurisdiction to the extent allowed by the Due Process Clause of the Fifth Amendment. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2011).  The analysis therefore collapses into a single due process analysis. *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).

If a defendant challenging personal jurisdiction accompanies its motion with sworn affidavits, "the party resisting such motion may not stand on its pleadings and must come forward with affidavits or other proper evidence detailing specific facts demonstrating that the court has jurisdiction over the defendant." *Doe v. Roman Catholic Diocese of Boise, Inc.*, 1996-

4

NMCA-057, ¶ 10. Parties asserting jurisdiction may not rely on general, vague, or conclusory allegations. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Rather, the party must provide "competent proof" of the facts supporting jurisdiction. *Pytlik v. Prof. Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). Here, Plaintiff does not even make the baldest of conclusory assertions that this Court may properly exercise personal jurisdiction over Cal Fresco.

### b. Principles of Personal Jurisdiction

The United States Supreme Court has recently clarified familiar principles of both general and specific personal jurisdiction. Regarding general jurisdiction, the Court reemphasized that general jurisdiction is appropriate only if the defendant "'is essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S. Ct. 746 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846 (2011)). "[O]nly a limited set of affiliations with a forum will render a defendant amenable" to general jurisdiction. *Id.* at 137. The two paradigmatic forums for a corporation are its place of incorporation and principal place of business. *Id.*

Importantly, evaluating general jurisdiction does not focus solely on the defendant's forum contacts. *Daimler AG*, 571 U.S. at 139 n. 20. Rather, contacts with a particular state must be put in context: the inquiry "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Id.* A corporation operating many places "can scarcely be deemed at home in all of them," *id.*, and it would be "exorbitant" to find general jurisdiction in all of them. *Id.* at 139. Accordingly, even if corporation operates nationally or internationally, general jurisdiction is still only appropriate where the corporation is "at home." *See id.* (stating contacts, even if continuous and systematic, still must render defendant "at home" there).

Regarding specific jurisdiction, the Supreme Court reemphasized that, in order to establish jurisdiction, "a defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115 (2014). This requirement has two components. In the first place, "the relationship" between the defendant, the forum, and the litigation "must arise out of contacts that the 'defendant *himself*' creates with the forum State. *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174 (1985)) (emphasis in original). Contacts by a plaintiff or third party do not satisfy this component. *Id*.; *see Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 104 S. Ct. 1868 (1984) (stating the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to satisfy an assertion of jurisdiction"). Rather, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id*. at 286 (quoting *Burger King*, 471 U.S. at 475).

Second, specific jurisdiction depends on a defendant's contacts with the state as a forum, not necessarily with an individual there. *Id*. at 285. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id*. at 290. A defendant must "reach out beyond" its own state and into the forum state, such as by entering into a contractual relationship with continuing and wide-reaching contacts in the state, exploiting the state's market, or physically entering the state through an agent, goods, mail, or some other means. *Id*. at 285. Even so, "it is the defendant's conduct that must form the necessary connection with the forum State;" "a

defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id*. at 285-86.

Even if a defendant has sufficient contacts with the forum state, due process requires that exercising jurisdiction would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks omitted). Courts generally consider five factors in making this determination: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the case; and (5) a shared interest in promoting public policy. *See Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514 F.3d 1063, 1080 (10th Cir. 2008). Generally, due process "principally protect[s] the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Walden*, 571 U.S. at 284. The most important factor is therefore the burden on the defendant. *Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1780 (2017).

**2.  No general jurisdiction exists because Cal Fresco is not "at home" in New Mexico**

First, no general jurisdiction exists over Cal Fresco because it is not "at home" in New Mexico. Cal Fresco is incorporated in Delaware and has its principal place of business in California. (Affidavit, ¶ 3). The sole member-owner with any ownership interest in Cal Fresco is incorporated in Delaware and has its principal place of business in Illinois. (*Id.,* ¶ 4). Cal Fresco does not have agents, employees, offices, or any personal or real property in this state. (*Id.*, ¶ 7). Cal Fresco does not maintain a registered agent in, nor has it registered to do business in, New Mexico. (*Id.*, ¶ 6). Given its regional presence, any contacts with New Mexico must be

considered in light of Cal Fresco's operations throughout the western United States. (*Id.* ¶ 8); *see Daimler AG*, 571 U.S. at 139 n. 20.

Under these circumstances, California would be the "paradigm" forum for exercising general jurisdiction. *Daimler AG*, 571 U.S. at 127. Cal Fresco does not have any contacts with New Mexico, let alone contacts that render it essentially at home in the state. *See id.* at 137 (requiring contacts that render a defendant at home in the state). Even if Cal Fresco were to have contacts with New Mexico, which it does not concede, it would be an "exorbitant exercise[]" of general jurisdiction to find it "at home" here. *See id.* at 139 (stating jurisdiction in every forum with contacts, rather than "home" forums, would be "exorbitant exercises" of jurisdiction). Because Cal Fresco has no connections to New Mexico, let alone those that render it at home here, the Court does not have general personal jurisdiction over it.

### 3. No specific jurisdiction exists because the collision did not arise from any activity in New Mexico by Cal Fresco

The Court also lacks specific personal jurisdiction over Cal Fresco because this suit does not arise from any activities in this forum by Cal Fresco - which has not engaged in any activities in this forum. Although the collision occurred in New Mexico, Cal Fresco does not prescribe (or even proscribe) what routes its carriers take, and it did not direct Custom Pro Logistics, Zuniga, or Plaintiff to drive through New Mexico. Zuniga, as the carrier, is responsible for its and its driver's decisions. Cal Fresco's only "contacts" (and here it uses the colloquial word loosely) with Zuniga or Plaintiff were at second and third remove, respectively. Cal Fresco's only "contact" (in the sense of the legal term of art applicable to personal jurisdiction) with the chain of custodians at issue was a contact which took place in California, where it consigned its shipment to Custom Pro. Custom Pro, in turn, then contracted with Zuniga to deliver the load from California to Texas.

Similar to the general jurisdiction analysis, Cal Fresco simply has no forum-related contacts that give rise to specific jurisdiction. Custom Pro Logistics', Zuniga's, or Plaintiff's contacts with New Mexico do not implicate Cal Fresco, as the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts" for purposes of specific jurisdiction. *Helicopteros*, 466 U.S. at 417. Due process requires that defendant be subject to jurisdiction for its own actions—not the actions of others. *Walden*, 571 U.S. at 286. At most, Cal Fresco has contacts in California by consigning the load to be brokered;[2] however, that relationship does not subject Cal Fresco to jurisdiction in New Mexico. *Id.* (stating "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction"). Accordingly, the Court does not have specific jurisdiction over Cal Fresco for this suit.

### 4.   Exercising personal jurisdiction would violate traditional notions of fair play and substantial justice

Even if the Court could exercise personal jurisdiction over Cal Fresco, exercising that jurisdiction must comport with traditional notions of fair play and substantial justice. Because this Court cannot exercise personal jurisdiction without offending those traditional notions, this Court should decline to do so even were personal jurisdiction otherwise appropriate.

Courts generally consider five factors in deciding whether exercising jurisdiction would be offensive: (1) the defendant's burden in litigating in the forum; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the case; and (5) the potential forums' shared interest in public or social policy. *See Dudnikov,* 514 F.3d at

---

[2] Cal Fresco notes that its employees completed "normal paperwork" attendant to the load being picked up by Plaintiff. Affidavit, ¶ 13. But such "contact" still took place *in California,* and was therefore not an activity directed at New Mexico by Cal Fresco.

1080; *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1249 (10th Cir. 2000). If no contacts suffice to establish jurisdiction, the Court need not perform this analysis. *See Fabara v. GoFit, LLC*, 308 F.R.D. 380, 406 (D.N.M. 2015). Even Plaintiff does not believe there are contacts sufficient to establish personal jurisdiction; despite a captioned section ostensibly pleading grounds for "personal jurisdiction," Plaintiff makes not even a bald assertion[3] that personal jurisdiction would be appropriate over Cal Fresco. [ECF 030, at 2, ¶¶ 2.1 - 2.2]

The first, most important factor is the burden on Cal Fresco of litigating in this forum. *See Bristol-Myers Squibb*, 137 S. Ct. at 1780; *Walden*, 571 U.S. at 284. Cal Fresco faces a significant burden in litigating in New Mexico. As discussed above, Cal Fresco has no physical presence in New Mexico, and its only relevant contacts occurred in California. Especially given Cal Fresco's lack of contacts forming the basis of this lawsuit, this factor weighs heavily against exercising jurisdiction.

Second, while New Mexico might, *arguendo*, have an interest in resolving disputes with the other defendants,[4] New Mexico does not have an interest in adjudicating any dispute with Cal Fresco. Again, Cal Fresco has no physical presence in New Mexico and was not responsible in any way for any other defendant's presence in New Mexico. (Affidavit, ¶¶ 6-7, 9-13). Cal Fresco's alleged negligence necessarily occurred in California, its principal place of business. So while New Mexico may have an interest in governing the conduct of those (such as Plaintiff)

---

[3] Cal Fresco does not concede that such bald assertions would confer personal jurisdiction. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, (2007). Plaintiff's failure even to assert the issue merely underscores the lack of evidence to support an exercise of personal jurisdiction over Cal Fresco that comports with the process Cal Fresco is due.

[4] Here Cal Fresco emphasizes that it merely pleads this point for the sake of argument. While undersigned do not represent any defendant other than Cal Fresco and do not advocate on their respective behalf, a cursory review of Plaintiff's operative complaint reveals no basis for New Mexico to have personal jurisdiction over *any* defendant at all, and the same factors that are fatal to personal jurisdiction over Cal Fresco could well be fatal to personal jurisdiction over all other defendants, who appear to be residents of Delaware, California, or Ohio but not New Mexico. [ECF 030, ¶¶ 1.3-1.5] Indeed, Plaintiff himself appears to be the only nexus between the events complained of and New Mexico.

who avail themselves of New Mexico's roads, New Mexico has no interest in claims against Cal Fresco.

The third and fourth factors both weigh against exercising jurisdiction, as New Mexico may be the least convenient possible forum for *both* Plaintiff and all defendants. Plaintiff resides in Mexico [ECF 030, ¶ 1.1], his counsel are in Texas, and there are no other defendants which reside in New Mexico. [ECF 030, ¶ ¶ 1.2 - 1.5] Were this matter to proceed to trial, Plaintiff's and the interstate judicial systems' interests in conveniently and effectively resolving the case might be better served in California, but in any case a forum other than New Mexico.

The final factor, shared public or social policy, weighs in favor of declining jurisdiction. The Tenth Circuit Court of Appeals has paid special attention to this factor when exercising jurisdiction may implicate or offend another forum's social policy. *See Dudnikov*, 514 F.3d at 1081-82 (social policy of Connecticut and the United Kingdom); *OMI Holdings,* 149 F.3d at 1097-98 (policies of Kansas and Canada). Similarly, a foreign forum has an interest when its laws govern the dispute. *OMI Holdings, Inc.*, 149 F.3d at 1098. State law rather than federal law governs this dispute, and any consignment between Cal Fresco and Custom Pro is governed by California law. California has a strong policy interest in governing the conduct of corporations that make their principal place of business there and in governing trade controlled by California law. Accordingly, both this factor and the five factors as a whole weigh heavily against exercising jurisdiction in this case, even if the Court had jurisdiction over Cal Fresco.

## CONCLUSION

For the foregoing reasons, the Court must dismiss Cal Fresco from this suit entirely. Cal Fresco has no contacts with New Mexico at all, and is therefore not "at home" in the state, nor could the suit arise from Cal Fresco's non-existent contacts with New Mexico. Cal Fresco's

relationship with Custom Pro Logistics, Zuniga, or Plaintiff cannot be the basis for exercising jurisdiction, nor can their unilateral actions in driving through New Mexico. Even if the Court could exercise jurisdiction, doing so would offend traditional notions of fair play and substantial justice. Accordingly, this motion must be granted, and Cal Fresco must be dismissed.

Respectfully Submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:
Seth L. Sparks
B. W. Stone
P.O. Box 1888
Albuquerque, NM  87103
Telephone: (505) 765-5900
Facsimile: (505) 768-3895
Email: ssparks@rodey.com; bstone@rodey.com
*Attorneys for Defendant Cal Fresco, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2025, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By
    B. W. Stone

4649199v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JUAN CARLOS LEON-HERRERA,

    *Plaintiff,*

v.                                Cause No. 2:24-cv-00153-MIS-GJF

BAR-S FOODS CO. d/b/a SIGMA FOODS;
JORGE ZUNIGA ISAIS d/b/a RVJ TRANSPORT;
CUSTOM PRO LOGISTICS, LLC; THE SYGMA
NETWORK, INC.; and CAL FRESCO, LLC,

    *Defendants.*

## AFFIDAVIT OF MICHAEL SANDERS

Michael Sanders, being first duly sworn, hereby states upon his oath:

1. I, Michael ("Mike") Sanders, am over the age of 18 years. If called upon to do so, I could competently testify as to the matters contained herein.

2. I am the Chief Financial Officer for Cal Fresco, LLC. As such, I am familiar with the manner in which Cal Fresco arranges to ship produce, as well as with the general nature of Cal Fresco's business operations. I make this affidavit from my own personal knowledge.

3. Cal Fresco is a limited-liability company organized in Delaware and registered to do business in California, with its principal place of business in Anaheim, Orange County, California.

4. Cal Fresco is a single-member LLC. Its managing (and only) member is LF Intermediate Holdings, LLC, a limited-liability company organized in Delaware with its principal place of business in Evanston, Cook County, Illinois.

5. I am the registered agent for Cal Fresco, amenable to service of process at 1765 West Penhall Way, Anaheim, California 92801.

6. Cal Fresco is not registered to do business in New Mexico. Cal Fresco does not have a registered agent for service of process in New Mexico.

7.  Cal Fresco is not physically present in New Mexico in any way. Cal Fresno has no officers, agents, or employees in New Mexico. Cal Fresco has no offices, facilities, equipment, or real or personal property of any kind in New Mexico. Cal Fresco does not directly market itself in New Mexico, nor does Cal Fresco direct any marketing of its goods specifically to customers in New Mexico.

8.  Cal Fresco is a wholesale distributor of fresh vegetables and fruits. Our business is to provide fresh produce to grocers and foodservice providers, primarily in the western United States. Cal Fresco may sell produce under three brand names: Cal Fresco, Frieda's, and Legacy Farms.

9.  Cal Fresco does not itself transport or deliver any of the goods that it sells in interstate commerce. For such deliveries, Cal Fresco relies upon the services of third-party carriers engaged directly, or of third-party load brokers which in turn arrange for the shipment and delivery of goods.

10. For interstate deliveries to destinations outside of California, Cal Fresco may consign its goods to third-party carriers engaged directly by Cal Fresco, or may consign its goods to load brokers who, in turn, engage third-party carriers.  However, Cal Fresco does not choose the particular carriers engaged by a load broker, and never does Cal Fresco choose the particular drivers employed by carriers, the routes carriers take, or stops carriers make between destinations.

11. In part pertinent to Plaintiff's claims, the load he was hauling at the time of the collision complained of was one intended for delivery to third-party purchaser Sygma in San Antonio, Texas. A copy of the Sygma purchase order is attached hereto as **Exhibit A.**

12. Cal Fresco engaged Custom Pro Logistics, LLC to deliver Sygma's purchase. A copy of our bill of lading documenting Cal Fresco's consignment of the Sygma produce to Custom Pro Logistics is attached hereto as **Exhibit B.** Unbeknownst to Cal Fresco until after the collision at

issue, Custom Pro Logistics brokered the load to be carried by third-party carrier Jorge Zuniga, d/b/a R.V.J. Transport. All produce Cal Fresco had so consigned was declared a total loss as a result of the collision complained of by Plaintiff, and Cal Fresco's loss was reimbursed by Custom Pro Logistics' insurer. A copy of Cal Fresco's claim upon Custom Pro Logistics' insurer is attached hereto as **Exhibit C.**

13. Cal Fresco had no involvement or input in selecting who transported the shipment at issue. Cal Fresco had no involvement or input in selecting what route the carrier took in transporting the shipment. Cal Fresco had no involvement or input in Custom Pro Logistics', Jorge Zuniga's, or Plaintiff's decision to drive through New Mexico. Other than the normal completion of paperwork when picking up the load, individuals working on behalf of Cal Fresco had no contact with Jorge Zuniga or Plaintiff.

14. I affirm under penalty of perjury under the laws of the State of New Mexico that the foregoing statements are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

MICHAEL SANDERS

```
                                                                      Page   1 of   1
BUYER: 97 HEATHER BORA 614-734-2413 EMAIL: HBORA@SYGMANETWORK.COM         Sent: 1/03/24 10:33 AM EST
TO: 111439-00 CAL FRESCO LLC                     ** EMAIL 48 HRS IN ADVANCE FOR APPOINTMENT **
ATTENTION: LORENA PENA & JEAN                    ** EMAIL SA-Receiving@Sygmanetwork.com
FROM: The SYGMA Network - Corporate Office

SHIP TO: The SYGMA Network- SAN ANTONIO          BILL TO: The SYGMA Network - Corporate Office
         5620 Rittiman Plaza                               P.O. Box 7327
         San Antonio, TX 78218                            Dublin, OH  43017-0709

                                                 PREFERRED REMIT TO: Accounts.Payable@SygmaNetwork.com

DELIVER: 1/08/24      SYGMA ACCT#:               TOTAL F.O.B.:   20,833.90   TOTAL CASES:   1,025
PICKUP:                                          TOTAL FREIGHT:   6,493.70       WEIGHT:   27,090.50
                                                        TOTAL:   27,327.60        CUBES:   1,160.79
SYGMA P.O. #: 92155c25 - Reprint                                               PALLETS:       19.1

         SHIP NOTES: Please confirm


         SYGMA receiving requires onto dock presentation of goods for count and inspection.
         Temp. for Refridge./Perish. < 40°F & Frozen < 0°F, OR Temp. on Shipper's B/L
```

| Order Qty | Confirm Qty | Pack/Size | Vendor Number | SYGMA Item# | F.O.B. Price | Confirm Price | Freight | Landed |
|---|---|---|---|---|---|---|---|---|
| 217 | _____ | 4/5 LB | BEBE 4/5 | | 34.7500 | _____ | 5.4500 | 40.20 |
| | | BEAN GREEN WASHD TRIMMED 4/5LB | 7095901 | | | | | |
| 63 | _____ | 1/36 CT | BRLINIQVC | | 37.9500 | _____ | 7.2000 | 45.15 |
| | | BROCCOLINI FRESH ICELESS | 7115535 | | | | | |
| 25 | _____ | 1/45 LB | CBGR | | 14.7500 | _____ | 6.9500 | 21.70 |
| | | CABBAGE GREEN FRSH MEDIUM | 6309740 | | | | | |
| 132 | _____ | 4/2 LB | OPGI42 | | 11.2500 | _____ | 3.6500 | 14.90 |
| | | ONION GREEN ICELESS FRESH | 2520518 | | | | | |
| 135 | _____ | 1/50LB | ON | | 13.0000 | _____ | 8.2000 | 21.20 |
| | | ONION YELLOW JUMBO FRESH | 1000405 | | | | | |
| 168 | _____ | 1/25LB | BPRDCH | | 21.4000 | _____ | 7.3500 | 28.75 |
| | | PEPPER RED BELL FRESH | 1387448 | | | | | |
| 152 | _____ | 1/11 LB | BPYE11 | | 13.7000 | _____ | 5.8500 | 19.55 |
| | | PEPPER YELLOW BELL FRSH | 8439143 | | | | | |
| 133 | _____ | 1/40 LB | SQITLG | | 12.1500 | _____ | 7.3000 | 19.45 |
| | | SQUASH ZUCC FRSH #1 | 6927503 | | | | | |

```
PLEASE CONFIRM - IF NO CONFIRMATION IS RECEIVED, THESE PRICES WILL BE USED FOR A PAYMENT.
CONFIRM BACK TO YOUR SYGMA BUYER VIA EMAIL
(If you do not receive all pages, call 614-734-2500  )

         INSTRUCTIONS _____
                      _____


The parties hereby incorporate the requirements of 41 C.F.R subsection 60-1.4(a)(7)-250.4
and -741.4, if applicable.
```

*Exhibit "A"*

# BILL OF LADING

Original Non-negotiable



**Cal Fresco, LLC**
1765 W Penhall Way, Anaheim, CA

| | | | |
|---|---|---|---|
| Trk License: | 4SG9530 CA | Shipper PO: | 833146 |
| Carrier: | Custom Pro Logistics, LLC | Delivery Date: | 01/08/2024 |
| Inspection #: | | Customer PO: | 92155 c25 |
| Seal #: | | Delivery PO: | |
| Carrier Arranged By: | Shipper | Ship Charges Paid By: | Shipper |

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C 499e ). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. RECEIVED from the shipper named herein, the perishable property described in good order and condition, except as noted, marked, consigned and destined as indicated, pursuant to an agreement (arranged by the truck broker, name herein, if any), whereby the carrier, in consideration of the transportation charges to be paid, agrees to carry and deliver said property to the consignee, subject only to the terms and conditions of this contract, which may be printed or written on the face or back hereof, which are hereby agreed to by the carrier, shipper, and the truck broker if any.

| Date: | Sold To: | Ship To: |
|---|---|---|
| 01/05/2024 | Sygma - San Antonio<br>5620 Rittman Plaza<br>San Antonio, TX,  78218 | Sygma - San Antonio<br>5620 Rittman Plaza<br>San Antonio, TX,  78218 |

| QTY | DESCRIPTION OF ARTICLES | WEIGHT | | |
|---|---|---|---|---|
| 152 | Bell Pepper Orange  11# . MX | 1,672 | | |
| 133 | Squash Italian  40 lb . MX | 5,320 | | |
| 196 | Beans  4/5# Washed Trimmed MX | 3,920 | | |
| 63 | Broccolini Iceless  36ct FOXY US | 1,134 | | |
| 25 | Cabbage Green  45# . US | 1,125 | | |
| 132 | Green Onion Iceless  4/2# . MX | 1,056 | | |
| 135 | Onion Yellow Jumbo 50# . US | 6,750 | | |
| 168 | Bell Pepper Red Choice 25# . MX | 4,200 | | |
| -133 | Squash Italian  40 lb . MX | -5,320 | | |
| -196 | Beans  4/5# Washed Trimmed MX | -3,920 | | |
| -63 | Broccolini Iceless  36ct FOXY US | -1,134 | | |
| -25 | Cabbage Green  45# . US | -1,125 | | |
| -132 | Green Onion Iceless  4/2# . MX | -1,056 | | |
| -135 | Onion Yellow Jumbo 50# . US | -6,750 | | |
| -168 | Bell Pepper Red Choice 25# . MX | -4,200 | | |
| -152 | Bell Pepper Orange  11# . MX | -1,672 | | |

**Signature of Consigner** _____    **Date** _____

| **Refrigeration Instructions** | | | |
|---|---|---|---|
| **Temperature** | | **34F - 36F** | |
| **Loading Times** | | Date | Time |
| | Started | | |
| | Finished | | |
| **Pallet Details** | | In | Out |
| | Standard | | |
| | CHEP | | |

Carrier:    Custom Pro Logistics, LLC
Time In:           Time Out:
Truck Driver must check shippers count and is responsible for the same.
Truck Driver Name:   JOSE LUIS
Driver Signature:   _____
Received above perishable property in good order, except as noted.
Truck License:    4SG9530 CA            *Exhibit "B"*

RVJ TRANSPORT
619-723-3181

**JULIAN DATE 005**

**LOADING IN SYGMA SAN ANTONIO TRUCK CPL**

**TEMP 34-36 DEGREES**

**SEAL #        TR#**

0

0

**Signature of Consigner**                                                                                    **Date**

| | |
|---|---|
| **Refrigeration Instructions** | Carrier:           Custom Pro Logistics, LLC |
| **Temperature**           **34F - 36F** | Time In:                      Time Out: |
| **Loading Times** | Truck Driver must check shippers count and is responsible for the same. |

| | Date | Time | Truck Driver Name:   JOSE LUIS |
|---|---|---|---|
| Started | | | Driver Signature: _____ |
| Finished | | | |

| **Pallet Details** | In | Out | Received above perishable property in good order, except as noted. |
|---|---|---|---|
| Standard | | | Truck License:        4SG9530 CA          *Exhibit "B"* |
| CHEP | | | |



# BILL OF LADING

Original Non-negotiable

**Cal Fresco, LLC**
1765 W Penhall Way, Anaheim, CA

| Trk License: | 4SG9530 CA | | Shipper PO: | 833146 |
|---|---|---|---|---|
| Carrier: | Custom Pro Logistics, LLC | | Delivery Date: | 01/08/2024 |
| Inspection #: | | | Customer PO: | 92155 c25 |
| Seal #: | | | Delivery PO: | |
| Carrier Arranged By: | Shipper | | Ship Charges Paid By: | Shipper |

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C 499e ). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. RECEIVED from the shipper named herein, the perishable property described in good order and condition, except as noted, marked, consigned and destined as indicated, pursuant to an agreement (arranged by the truck broker, name herein, if any), whereby the carrier, in consideration of the transportation charges to be paid, agrees to carry and deliver said property to the consignee, subject only to the terms and conditions of this contract, which may be printed or written on the face or back hereof, which are hereby agreed to by the carrier, shipper, and the truck broker if any.

| Date: | Sold To: | Ship To: |
|---|---|---|
| 01/05/2024 | Sygma - San Antonio<br>5620 Rittman Plaza<br>San Antonio, TX,  78218 | Sygma - San Antonio<br>5620 Rittman Plaza<br>San Antonio, TX,  78218 |

| QTY | DESCRIPTION OF ARTICLES | WEIGHT | | |
|---|---|---|---|---|
| 152 | Bell Pepper Orange  11# . MX | 1,672 | | |
| 133 | Squash Italian  40 lb . MX | 5,320 | | |
| 196 | Beans  4/5# Washed Trimmed MX | 3,920 | | |
| 63 | Broccolini Iceless  36ct FOXY US | 1,134 | | |
| 25 | Cabbage Green  45# . US | 1,125 | | |
| 132 | Green Onion Iceless  4/2# . MX | 1,056 | | |
| 135 | Onion Yellow Jumbo 50# . US | 6,750 | | |
| 168 | Bell Pepper Red Choice 25# . MX | 4,200 | | |
| -133 | Squash Italian  40 lb . MX | -5,320 | | |
| -196 | Beans  4/5# Washed Trimmed MX | -3,920 | | |
| -63 | Broccolini Iceless  36ct FOXY US | -1,134 | | |
| -25 | Cabbage Green  45# . US | -1,125 | | |
| -132 | Green Onion Iceless  4/2# . MX | -1,056 | | |
| -135 | Onion Yellow Jumbo 50# . US | -6,750 | | |
| -168 | Bell Pepper Red Choice 25# . MX | -4,200 | | |
| -152 | Bell Pepper Orange  11# . MX | -1,672 | | |

**Signature of Consigner** _____    **Date** _____

| **Refrigeration Instructions** | | | | Carrier:    Custom Pro Logistics, LLC |
|---|---|---|---|---|
| **Temperature** | | **34F - 36F** | | Time In:              Time Out: |
| **Loading Times** | | Date | Time | Truck Driver must check shippers count and is responsible for the same. |
| | Started | | | Truck Driver Name:   JOSE LUIS |
| | Finished | | | Driver Signature: _____ |
| **Pallet Details** | | In | Out | Received above perishable property in good order, except as noted. |
| | Standard | | | Truck License:     4SG9530 CA        *Exhibit "B"* |
| | CHEP | | | |

RVJ TRANSPORT
619-723-3181

**JULIAN DATE 005**

**LOADING IN SYGMA SAN ANTONIO TRUCK CPL**

**TEMP 34-36 DEGREES**

**SEAL #        TR#**

0

0

**Signature of Consigner** _____    **Date** _____

| **Refrigeration Instructions** | | |
|---|---|---|
| **Temperature** | | **34F - 36F** |
| **Loading Times** | | Date    Time |
| | Started | |
| | Finished | |
| **Pallet Details** | | In    Out |
| | Standard | |
| | CHEP | |

Carrier:            Custom Pro Logistics, LLC

Time In:                Time Out:

Truck Driver must check shippers count and is responsible for the same.

Truck Driver Name:   JOSE LUIS

Driver Signature: _____

Received above perishable property in good order, except as noted.

Truck License:      4SG9530 CA            *Exhibit "B"*



# BILL OF LADING

Original Non-negotiable

**Cal Fresco, LLC**
1765 W Penhall Way, Anaheim, CA

| Trk License: | 4SG9530 CA | | Shipper PO: | 833146 |
|---|---|---|---|---|
| Carrier: | Custom Pro Logistics, LLC | | Delivery Date: | 01/08/2024 |
| Inspection #: | | | Customer PO: | 92155 c25 |
| Seal #: | | | Delivery PO: | |
| Carrier Arranged By: | Shipper | | Ship Charges Paid By: | Shipper |

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C 499e ). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. RECEIVED from the shipper named herein, the perishable property described in good order and condition, except as noted, marked, consigned and destined as indicated, pursuant to an agreement (arranged by the truck broker, name herein, if any), whereby the carrier, in consideration of the transportation charges to be paid, agrees to carry and deliver said property to the consignee, subject only to the terms and conditions of this contract, which may be printed or written on the face or back hereof, which are hereby agreed to by the carrier, shipper, and the truck broker if any.

| Date: | Sold To: | Ship To: |
|---|---|---|
| 01/05/2024 | Sygma - San Antonio<br>5620 Rittman Plaza<br>San Antonio, TX,  78218 | Sygma - San Antonio<br>5620 Rittman Plaza<br>San Antonio, TX,  78218 |

| QTY | DESCRIPTION OF ARTICLES | WEIGHT | | |
|---|---|---|---|---|
| 152 | Bell Pepper Orange  11# . MX | 1,672 | | |
| 133 | Squash Italian  40 lb . MX | 5,320 | | |
| 196 | Beans  4/5# Washed Trimmed MX | 3,920 | | |
| 63 | Broccolini Iceless  36ct FOXY US | 1,134 | | |
| 25 | Cabbage Green  45# . US | 1,125 | | |
| 132 | Green Onion Iceless  4/2# . MX | 1,056 | | |
| 135 | Onion Yellow Jumbo 50# . US | 6,750 | | |
| 168 | Bell Pepper Red Choice 25# . MX | 4,200 | | |
| -133 | Squash Italian  40 lb . MX | -5,320 | | |
| -196 | Beans  4/5# Washed Trimmed MX | -3,920 | | |
| -63 | Broccolini Iceless  36ct FOXY US | -1,134 | | |
| -25 | Cabbage Green  45# . US | -1,125 | | |
| -132 | Green Onion Iceless  4/2# . MX | -1,056 | | |
| -135 | Onion Yellow Jumbo 50# . US | -6,750 | | |
| -168 | Bell Pepper Red Choice 25# . MX | -4,200 | | |
| -152 | Bell Pepper Orange  11# . MX | -1,672 | | |

**Signature of Consigner** _____     **Date** _____

| Refrigeration Instructions | | | | Carrier: | Custom Pro Logistics, LLC |
|---|---|---|---|---|---|
| **Temperature** | | **34F - 36F** | | Time In:           Time Out: | |
| **Loading Times** | | Date | Time | Truck Driver must check shippers count and is responsible for the same. | |
| | Started | | | Truck Driver Name:   JOSE LUIS | |
| | Finished | | | Driver Signature: _____ | |
| **Pallet Details** | | In | Out | Received above perishable property in good order, except as noted. | |
| | Standard | | | | |
| | CHEP | | | Truck License:      4SG9530 CA    *Exhibit "B"* | |

RVJ TRANSPORT
619-723-3181

**JULIAN DATE 005**

**LOADING IN SYGMA SAN ANTONIO TRUCK CPL**

**TEMP 34-36 DEGREES**

**SEAL #        TR#**

0                                                              0

**Signature of Consigner** _____  **Date** _____

| **Refrigeration Instructions** | | | Carrier: | Custom Pro Logistics, LLC |
|---|---|---|---|---|
| **Temperature** | | **34F - 36F** | Time In: | Time Out: |
| **Loading Times** | | | Truck Driver must check shippers count and is responsible for the same. | |
| | Date | Time | Truck Driver Name:  JOSE LUIS | |
| Started | | | Driver Signature: _____ | |
| Finished | | | | |
| **Pallet Details** | In | Out | Received above perishable property in good order, except as noted. | |
| Standard | | | Truck License:        4SG9530 CA        *Exhibit "B"* | |
| CHEP | | | | |

# Standard Form for Presentation of Loss & Damage Claims

| | | (Claimant's Number) |
|---|---|---|
| Cal Fresco, LLC | 1765 W. Penhall Way, Anaheim, CA 92801 | BOL#833146 |
| (Name of person to whom claim is presented) | (Address of Claimant) | PO#92155 INV#841070 |

| | | (Carrier's Number) |
|---|---|---|
| Jorge Zuniga Isais d/b/a R.V.J. Transport | 01 / 07 / 2024 | CPL135517 |
| (Name of carrier) | (Date) | Claim # 226 |
| 2147 Mallory St., San Bernardino, CA 92407 rvj_transport@yahoo.com | | |
| (Address) | (Email) | |

This claim for $ __26,483.40__ is made against the carrier named above by __Cal Fresco, LLC__
(Amount of claim)                                                                        (Name of Claimant)

for __total cargo loss (on-road accident)__ in connection with the following described shipment(s): CPL135517
(loss or damage)

Description of Shipment __Mixed Vegetables (invoice in particulars)__    Reefer required? __YES; 34°F–36°F__
(product)

Name & Address of Consignor (Shipper) __Cal Fresco, LLC - 1765 W. Penhall Way, Anaheim, CA 92801__

Shipped from __Anaheim, CA 92801__ , To __San Antonio, TX 78218__
(City, town or station)                                      (City, town or station)

Final Destination __n/a (Sygma Corporation)__    Routed Via __Ground, truck (Motor Carrier)__
(City, town or station)

Bill of Lading issued by __Cal Fresco, LLC (as above)__  Co. ;  Date of Bill of Lading __01 / 05 / 2024__

Paid Freight Bill (PRO) Number __CPL135517 / PO#92155__ ;  Original Car Number & Initial __TRL 4SG9530-CA__

Name and address of consignee (Whom shipped to) __Sygma Corp. - 5620 Rittman Plaza, San Antonio, TX 78218__

If shipment reconsigned enroute, state particulars: __Postcrash: unit & cargo towed by Ortega's of Santa Rosa, NM__

### DETAILED STATEMENT SHOWING HOW AMOUNT CLAIMED IS DETERMINED
(Number and description of articles, nature and extent of loss or damage, invoice price of articles, amount of claim, etc.)

| | |
|---|---|
| 133ct @ $19.45ea - Squash Italian 40lb (MX) | $2,586.85 |
| 196ct @ $40.20ea - Beans 4/5# Washed Trimmed (MX) | $7,879.20 |
| 63ct @ $45.15ea - Broccolini Iceless 36ct FOXY (US) | $2,844.45 |
| 25ct @ $21.70ea - Cabbage Green 45# (US) | $542.50 |
| 132ct @ $14.90ea - Green Onion Iceless 4/2# (MX) | $1,966.80 |
| 135ct @ $21.20ea - Onion Yellow Jumbo 50# (US) | $2,862.00 |
| 168ct @ $28.75ea - Bell Pepper Red Choice 25# (MX) | $4,830.00 |
| 152ct @ $19.55ea - Bell Pepper Orange 11# (MX) | $2,971.60 |
| *All the above items being destroyed beyond salvage in the accident...* Total Amount Claimed | **$26,483.40** |

IN ADDITION TO THE INFORMATION GIVEN ABOVE, THE FOLLOWING DOCUMENTS ARE SUBMITTED IN SUPPORT OF THIS CLAIM

| | | | |
|---|---|---|---|
| 1. | Original bill of lading, if not previously surrendered to carrier. | 3. | Original invoice or certified copy. |
| 2. | Original paid freight ("expense") bill. | 4. | Other particulars obtainable in proof of loss or damage claimed. |

Remarks

The foregoing statement of facts is hereby certified to as correct.

(Signature of Claimant)

Claimant should assign to each claim a number, inserting same in the space provided at the upper right hand corner of this form. Reference should be made hereto in all correspondence pertaining to this claim. Claimant will please check (x) before such of the document mentioned or have been attached, and explain under "Remarks" the absence of any of the documents called for in connection with this claim. When for any reason it is impossible for claimant to produce original bill of lading, or paid freight bill, claimant should indemnify carrier or carriers against duplicate claim supported by original documents.

*Exhibit "C"*