IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN CARLOS LEON-HERRERA,

    Plaintiff,

v.

                                                               Case No. 2:24-cv-00153-MIS-GJF

BAR-S FOODS CO.,
JORGE ZUNIGA ISAIS d/b/a RVJ Transport,
CUSTOM PRO LOGISTICS, LLC,
THE SYGMA NETWORK, INC., and
CAL FRESCO, LLC,

    Defendants.

## ORDER TO AMEND BY INTERLINEATION OR SHOW CAUSE

THIS MATTER is before the Court on a sua sponte review of the record.

On August 20, 2024, Plaintiff filed the operative Amended Complaint against four Defendants: Cal Fresco, LLC ("Cal Fresco"), The Sygma Network, Inc. ("Sygma"), Custom Pro Logistics, LLC ("Custom Pro"), and Jorge Zuniga Isais, doing business as RVJ Transport (together, "Zuniga"). ECF No. 30 ¶¶ 1.1 – 1.5. The Amended Complaint invokes the Court's diversity jurisdiction, id. ¶ 2.2, and asserts no claims arising under federal law.

Title 28, United States Code, section 1332 permits plaintiffs to invoke the federal courts' diversity jurisdiction when certain criteria are satisfied. As relevant here, federal district courts

> shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> . . .

28 U.S.C. § 1332(a)(1) & (2).  "For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located."  Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015).  An unincorporated association—like an LLC—is deemed to be a citizen of every state of which its members are citizens.  Mgmt. Nominees, Inc. v. Alderney Invs., LLC, 813 F.3d 1321, 1325 (10th Cir. 2016); Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1237-38 (10th Cir. 2015).  "[A] person is a citizen of a state [or foreign state] if the person is domiciled in that state."  Middleton v. Stephenson, 749 F.3d 1197, 1200 (10th Cir. 2014).  "And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely."  Id.

"The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough."  Tate v. Acuna, No. 18-cv-0857 GBW/SMV, 2018 WL 4375118, at *1 (D.N.M. Sept. 13, 2018) (citing Siloam Springs, 781 F.3d at 1238).

Here, the Amended Complaint fails to distinctly and affirmatively allege the citizenship of Plaintiff, Cal Fresco, Custom Pro, or Zuniga.[1]

The Amended Complaint alleges that Plaintiff "is a resident of Mexico."  Id. ¶ 1.1.  However, "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."  Siloam Springs, 781 F.3d at 1238.  And although Plaintiff may be a "resident" of Mexico, it is possible that he could also be a lawful permanent resident of the U.S. domiciled in California (or another state), see 28 U.S.C. § 1332(a)(2), given the Complaint's allegation that "Plaintiff was essentially running a circuit from California to San

---

[1] The Amended Complaint alleges that Sygma "is a Delaware Corporation with its principal place of business in Dublin Ohio[.]"  Id. ¶ 1.3.  The Court deems this to be a sufficient allegation regarding Sygma's citizenship.  See Grynberg, 805 F.3d at 905.

2

Antonio and subsequently from Oklahoma to California on behalf of Defendants Zuniga and Custom Pro delivering produce for Defendants Cal Fresco and Sygma[,]" ECF No. 30 ¶ 3.1.

Next, the Amended Complaint alleges that Cal Fresco "is a single member LLC and its only managing member is LF Intermediate Holdings LLC, a limited liability company incorporated in Evanston, Illinois." Id. ¶ 1.2.  However, it contains no allegations regarding the citizenship of LF Intermediate Holdings LLC's members.  "[W]here an 'LLC has, as one of its members another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC.'" CU Cap. Mkt. Sols., LLC v. Olden Lane Secs., LLC, Case No. 18-2597-DDC-KGG, 2019 WL 2612940, at *6 (D. Kan. June 26, 2019) (quoting Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010)); see also Winkler v. Saexploration Seismic Servs., LLC, Case No. CIV-21-0730-F, 2021 WL 3185046, at *1 n.4 (W.D. Okla. July 27, 2021) ("[I]f one of the members [of an LLC] is an LLC, then its members, and their specific states of citizenship, as well as all underlying information necessary to support those conclusions, must be alleged, and so on.").

Next, the Amended Complaint alleges that Custom Pro "is a single member LLC and its only managing member is Jeffrey Hiatt, who is resident of Cincinnati, Ohio." Id. ¶ 1.4.  However, allegations of Mr. Hiatt's residency do not establish his state of citizenship.  See Siloam Springs, 781 F.3d at 1238.

Finally, the Amended Complaint alleges that Zuniga "is a resident of San Bernardino California[.]" Id. ¶ 1.5.  Zuniga's residency does not establish his state of citizenship.  See Siloam Springs, 781 F.3d at 1238.

Because the Amended Complaint fails to properly allege the Parties' citizenship, the Court cannot determine whether it has subject matter jurisdiction over this case.  And the deadline to

3

amend pleadings has passed.  See ECF No. 32 at 1 (establishing a November 1, 2024 deadline for Plaintiff to amend his pleadings).[2]

Pursuant to 28 U.S.C § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  Here, although the deadline to amend pleadings has passed, the Court will permit Plaintiff to amend the First Amended Complaint by interlineation solely to add allegations regarding the citizenship of Plaintiff, Cal Fresco, Custom Pro, and Zuniga.  See McFee v. Carnival Corp., CASE NO. 19-22917-CIV-LENARD/O'SULLIVAN, 2020 WL 13389096, at *10 (S.D. Fla. Apr. 22, 2020) (denying motion to amend the complaint because motion was made after amended pleadings deadline and the plaintiff failed to show good cause to modify amended pleadings deadline under Rule 16(b)(4), but permitting the plaintiff to amend the complaint by interlineation to add jurisdictional allegations regarding the defendants); see also Martinez v. Netflix, Inc., Case No.: 1:20-cv-24328-WPD, 2023 WL 4685749, at *2 (S.D. Fla. July 6, 2023) (recommending that the plaintiff be permitted to amend complaint by interlineation to properly allege the citizenship of the parties), report and recommendation adopted 2023 WL 4683420 (S.D. Fla. July 21, 2023).

Accordingly, it is **HEREBY ORDERED** that Plaintiff shall have **FOURTEEN DAYS** from the date of this Order to amend his First Amended Complaint by interlineation, and solely to add allegations regarding the citizenship of Plaintiff, Cal Fresco, Custom Pro, and Zuniga in Section I ("Parties") of the First Amended Complaint, or **SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.

---

[2] On December 3, 2024, Plaintiff filed a Motion for Leave to Amend First Amended Complaint. ECF No. 52.  On January 16, 2025, the Court denied Plaintiff's Motion for Leave to Amend First Amended Complaint because he failed to establish "good cause" under Rule 16(b)(4) to modify the amended pleadings deadline.  ECF No. 78.

Plaintiff shall file the as-amended version of the First Amended Complaint as a separate entry on the docket, and shall attach as an exhibit a redline version that reflects <u>all</u> of the changes made. Because amendment is solely by interlineation, the as-amended version of the First Amended Complaint will be deemed filed as of August 20, 2024. Plaintiff's failure to properly allege diversity jurisdiction in the as-amended version of the First Amended Complaint may result in dismissal of this case without prejudice.

If Plaintiff learns that the Parties are not diverse—for example, because Plaintiff is a lawful permanent resident of the United States domiciled in California and Defendant Zuniga is a citizen of California—he shall notify the Court that it lacks diversity jurisdiction.

*Margaret Strickland*
_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

5